DEPLURA H. BISBEE *and others versus* EBENEZER HAM *and another.*

The settlement or discharge of a demand or claim by the payment of any sum less than the amount due thereon, under statute 1851, c. 113, § 1, (R. S., 1857, c. 82, § 44,) is binding and effectual, unless vitiated by fraud on the part of the debtor.

After such a settlement, before he can maintain a suit on the original cause of action, on the ground of fraud on the part of the debtor, the creditor must rescind the contract of settlement, and tender to the debtor whatever sum he had paid in effecting it.

ASSUMPSIT for balance of account annexed to the writ, with the general money counts. The account annexed was as follows:—

Ham & Nevens to Bisbee, Allen & Co.,       Dr.
1852, Jan. 1.   To money received of Harris & Coburn on settlement for Bisbee, Allen & Co.,   $335,43
  To interest,            .            37,66

                        373,09
1855, Feb'y.   By cash as per receipt given,     100,00

                      $273,09

The plaintiffs were manufacturers of powder. The defendants, in 1848, were railroad contractors. Gould & Co., subcontractors, in August, 1848, gave the defendants an order on the plaintiffs for $305, which was accepted. Gould & Co., becoming embarrassed, assigned their contract to Harris & Coburn. A law suit resulted between the defendants and Harris & Coburn, and the defendants paid Harris & Coburn between $400 and $500 to settle it.

In February, 1855, the plaintiffs and defendants had an interview, and, on the defendants representing their losses, the plaintiffs consented to compromise, and the defendants paid them $100, and took a receipt from the plaintiffs, " in full for powder delivered to Sireno Gould & Co., and in full of all demands against said Ham & Nevens to this date."

In July, 1857, the plaintiffs commenced an action of assumpsit on the foregoing account. At August term, 1858, the defendants filed a special plea of accord and satisfaction. The plaintiffs, in their replication, pleaded that their action "ought not to be barred by reason of any thing in the plea of said defendants alleged, because, they say, that they were deceived and defrauded by the fraudulent representations and suppression of material facts by these defendants," &c.

To this replication, the defendants demurred, because the plaintiffs had not therein alleged or shown that the said contract of accord and satisfaction had ever been abrogated or rescinded, or the $100 paid, restored or offered to be restored, &c.

MAY, J., presiding, adjudged the replication to be bad, and sustained the demurrer; and the plaintiffs filed exceptions.

*S. C. Andrews*, for the plaintiffs, to the point that a mere receipt given by a creditor for a part of his debt as in full for the debt, is not a good defence by way of accord and satisfaction, cited *Warren* v. *Skinner*, 20 Conn., 559; *Daniels* v. *Hatch*, 1 N. J., 391; *Adams* v. *Topling*, 4 Mod., 88; *Smith* v. *Barthole*, 1 Met., 276; *Worthington* v. *Nigley*, 3 Bing. N. C., 454; *Hinckley* v. *Arey*, 27 Maine, 362; *White* v. *Jordan*, 27 Maine, 370; *Bailey* v. *Day*, 26 Maine, 88.

In actions of *tort*, it is well settled that the parties must be put *in statu quo* before action brought, but not in assumpsit. *Vedder* v. *Vedder*, 1 Denio, 257; *Foster* v. *Trull*, 12 Johns., 456; 2 Parsons on Contracts, 129.

No injury can result to the defendants by the maintenance of this suit. All equities are open to them. They have paid a part of the debt, and, if they ought to pay no more, they may show it by way of defence. *Pennell's case*, 5 Rep., 117; *Cumber* v. *Ware*, Strange, 425; *Thomas* v. *Hathorn*, 2 B. & Car., 477; *Fitch* v. *Sutton*, 5 East, 230; *Blanchard* v. *Noyes*, 3 N. H., 518; *Wheeler* v. *Wheeler*, 11 Verm., 60; *Bailey* v. *Day*, 26 Maine, 88; *Jenness* v. *Lane*, 26 Maine, 475.

Fraud avoids every contract, and annuls every transaction.

2 Parsons on Contracts, 277; *Burton* v. *Stewart*, 3 Wend., 236; *Thayer* v. *Turner*, 8 Met., 550; *Kimball* v. *Cunningham*, 4 Mass., 502; *Perley* v. *Balch*, 23 Pick., 283; *Stearns* v. *Austin*, 1 Met., 557; *Martin* v. *Roberts*, 5 Cush., 126.

The Act of June 3, 1851, does not conflict with the views here taken. It contemplated an honest and manly compromise, free from and untainted by fraud.

The doctrine of rescission of contracts does not apply to a case of this kind. The plaintiff's right to recover rests on the question of fraud. That being established, the compromise becomes void, and the plaintiff's whole debt revives. Why should he be required to refund what was honestly his due, and which, so far as he is concerned, he has honestly received, in order to recover that of which he has been defrauded? Such a rule would be offering a premium on fraud. See *Cushing* v. *Wyman*, 44 Maine, 139.

*Record, Walton & Luce,* for the defendants, argued that when a claim has once been extinguished by accord and satisfaction, no action can be maintained upon it while the contract of settlement remains unrescinded. Two contracts, one of which is by its very terms to extinguish the other, cannot both be in force at the same time.

To rescind the contract, whatever has been received by virtue of it must be restored, and the parties placed in *statu quo*. When this cannot be done, no rescission can be had; and, if a fraud has been committed, the injured party must seek his remedy by an action of *deceit*.

Contracts tinctured with fraud are not absolutely void, but only voidable at the option of the party defrauded. He may bring an action of *tort* for fraud; or, having first rescinded the contract, he may bring a suit on the original cause of action. The plaintiffs have done neither; but, retaining the $100, paid at the settlement, they bring their suit on the original debt as if there had been no settlement. This the law will not allow them to do; and hence this action cannot be maintained.

The counsel cited the following authorities:—*Junkins* v. *Simpson*, 14 Maine, 364; *Ayers* v. *Hewett*, 19 Maine, 281; *Cushman* v. *Marshall*, 21 Maine, 122; *Tisdale* v. *Buckmore*, 33 Maine, 461; *Cushing* v. *Wyman*, 38 Maine, 589; *Emerson* v. *McNamara*, 41 Maine, 565; *Potter* v. *Titcomb*, 22 Maine, 300; Statute, 1851, c. 213 and R. S. of 1857, c. 82, § 44, as construed in *Weymouth* v. *Babcock*, 42 Maine, 42; *Hogan* v. *Weyer*, 5 Hill, 389; *Herrin* v. *Libbey*, 36 Maine, 350.

The plaintiffs' replication is bad in substance, in alleging that they were deceived by the fraudulent representations and suppressions of material facts by the defendants, but omitting to specify what were the fraudulent representations and the facts alleged to have been suppressed, as required by the rules of pleading.

The opinion of the Court was drawn up by

TENNEY, C. J.—By the statute of 1851, c. 113, § 1, it is provided, that no action shall be maintained, in any Court in this State, on any demand or claim which has been settled, cancelled or discharged by the receipt of any sum of money, less than the amount due thereon. The same is incorporated substantially in the R. S. of 1857, c. 82, § 44. This is a change of the law as it stood previously. *Bailey* v. *Day*, 26 Maine, 88; *White* v. *Jordan*, 27 Maine, 370.

In the case presented, which is assumpsit, the defendants pleaded that they paid the sum of one hundred dollars on Feb. 10, 1855, before the commencement of the present action, in full satisfaction of all and every the promises mentioned in the declaration, &c. To this the plaintiffs reply that they were deceived and defrauded by the fraudulent representations and suppression of material facts by the defendants, and that the plaintiffs were induced, by reason of said fraud, to accept the said sum of one hundred dollars, in full satisfaction and discharge of the promises in their declaration mentioned, &c.

To this replication the defendants filed a demurrer, which was joined by the plaintiffs.

Bisbee *v.* Ham.

The contract and the receipt of February 10, 1855, as confessed by the plaintiffs, aside from the frauds of the defendants alleged, were binding upon the parties, and were an effectual discharge of the claim now in suit, under the law then existing.

This suit is upon the original cause of action, which was at the time of the transaction, on Feb. 10, 1855, supposed to be fully settled.

The case of *Martin* v. *Roberts*, 5 Cush., 126, which is relied upon by the counsel for the plaintiffs as being decisive of the case before us, was not one in which the plaintiff sought to rescind the contract of sale, or to reclaim the property sold by him to the defendant; but it is an action of assumpsit, on account annexed, to recover a balance of $90, on the price of two watches sold by him to the other party. The sale is treated as effectual, but payment was not, in fact, made in full, because a note, represented as perfectly good, was taken in part payment, when, in fact, it was entirely worthless, and known at the time by the defendant to be so.

This action can be maintained only on the ground that the contract of a discharge is not binding on the plaintiffs, and they seek to rescind it, and treat it as never made. But the replication omits the allegation that the sum paid by the defendants, in discharge of the original contract, has been repaid to the defendants or tendered to them, and it is insisted by the plaintiffs' counsel that this is unnecessary, but that they may treat this sum as payment *pro tanto*, and recover the balance as due on the original claim.

The authorities cited by the plaintiffs are inapplicable to the case, as sustaining their ground. But many of them, and those relied upon in defence, under the statute referred to, establish the doctrine that, in order to rescind a contract entered into, by the fraud of one of the parties thereto, the other party seeking a rescission must return, or tender the whole consideration received. *Exceptions overruled.*

RICE, APPLETON, and KENT, JJ., concurred.