CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1868.

## E. H. BURTON *v.* WALTER MOFFITT AND J. A. STROWBRIDGE.

PARTY WALL.—The owners of a party wall, built at joint expense, are not tenants in common, but each owns his own land, with a right to use the wall, which he may enforce by action.

ENCROACHMENT.—Where one party contracted to build a wall sixteen inches or two bricks thick, on the division line, and to permit the other party to use the wall upon his paying one half the cost; and in constructing the wall he erected an iron pilaster of his building, which was ten inches wide, so that one half of it stood on each side of the division line; *Held,* that the pilaster was not part of the wall contracted for, and that it was improperly extended beyond the division line.

DISCRETION.—Although the removal of the pilaster was deemed the only adequate remedy, a temporary injunction before final hearing was refused, on the grounds that the plaintiff showed no indications of presently occupying the premises, and the building had so far progressed that a removal would be nearly or quite as expensive at the present time as at the completion of the building. Granting or refusing the order in such case deemed the exercise of the discretion of the court.

COMPENSATION.—Where, by not conforming to the terms of the contract, the width of the plaintiff's premises above the upper floor was improperly diminished by two inches, the injunction was denied, on the ground that the injury is not beyond pecuniary compensation.

THIS case was heard on a motion for an injunction.

The complaint presents the following facts: The plaintiff's grantor being the owner of lot 4, in block 4, in the city of Portland, bargained in writing, not under seal, with Moffit and Strowbridge, owners of the adjoining lot, (being lot 3 in the same block,) that M. and S. should build a wall on the line between the two lots for the mutual use of the owners, of dimensions as follows: The "foundation twenty inches thick; first story sixteen inches or two bricks thick;

second story twelve inches or one and one half bricks thick, to extend on the land of both parties equally." The plaintiff's grantor and his assigns were by the contract "to have the privilege of owning and using one half of said partition wall, by paying to M. and S. one half the cost thereof when they should use the same for building purposes, at the estimated cost of building a similar wall at the time of using said wall."

The plaintiff and the defendants each had a frontage on Front street of twenty-five feet; the defendants owning the north twenty-five feet.

The defendants commenced the proposed wall, and constructed the brick work up to the second floor according to the terms of the contract. But the south face of the wall they carried up perpendicularly, as well above as below the second floor, making an offset of four inches on the north side at the second floor, instead of an offset of two inches on each side. Thus two thirds of the twelve-inch wall was built on the plaintiff's premises. The defendants also so constructed an ornamental *iron front* of their lower story that the south pilaster thereof projected about four inches south of the line between the lots 3 and 4, and the iron cornice projected eight and three fourths inches south of that division line.

At the time of the filing the complaint and serving notice of this motion, the iron front was set, and the work of laying brick above it had commenced, but not many brick were laid above it, or above the second floor.

By consent, witnesses were examined orally on the order to show cause.

Experts testified that the workmanlike mode of furnishing ornamental fronts of contiguous buildings, of different styles of architecture, was, "to return the cornice into the building, and not around the [angle of, the] building." And that in front of the side wall, which is common to the two buildings, there should be two pilasters, one appertaining to, and conforming to the style of, each building.

*Logan & Shattuck*, for the plaintiff, claim that the mode of making the off-set in the brick wall is an encroachment that deprives the plaintiff of two inches of space above the

second floor and totally unfits the premises for the purposes of the plaintiff.

And that if the defendants are allowed to finish and maintain their ornamental front, it will be in the way of the front which the plaintiff designs to use, and will destroy the symmetry of his proposed building. And that each of the injuries is such that money is not an adequate compensation.

*Stout, Reed and Strong,* for the defendants, claim that if there is a fault in making the off-set, the plaintiff has shown no special or irreparable injury. That he has no present use for the ground, and it is uncertain when he will use it, if ever. And that it would be an injury to the wall to leave an off-set for years on the side, having no roof. That the iron pilaster is a part of the wall which they contracted to build. That the materials are not specified by the contract, and that they have the right to build such portion of it as they choose of iron.

The following opinion was filed in the case, by UPTON, J.:

This is an application for a preliminary injunction, but I presume nearly all the facts are presented that will be adduced on the trial; and in the argument, attention has been given to the subject of the ultimate rights of the parties as well as to the propriety of granting or refusing the present motion. The defendants claim that their iron pilaster, which is ten inches wide, with a base and capital twelve inches wide, is a part of the wall contracted for.

I think this cannot be maintained. If it is part of the wall, they were bound to build it of certain thickness; this part of the wall was to be sixteen inches thick. By departing from the specified thickness of the wall, they show that they did not consider the iron pilaster a part of the "wall" called for by the terms of the contract. The wall is spoken of as *"two bricks* thick." If they had a right to build the wall of iron, they had a right to charge half the cost of the iron to the plaintiff; and if of iron, they could build it of still more costly material, and charge the plaintiff with half the cost of a similar wall, at a future time.

The iron front must be considered distinct from the wall contracted for, both because it is a reasonable construction of the terms of the contract when axamined in connection with the circumstances under which the contract was made, and because both parties have so treated it.

By the terms of the contract the wall was to be built for the use of each party. The plaintiff was to have the "privilege of owning and using one half" of the partition wall. Half of it stands upon the land of each, and half of it will be the separate property of each, subject only to the right in the other to a reasonable use of the whole.

"The owners of a party wall built at joint expense, are not tenants in common, but each owns his own land, with a right to use the wall, which he may enforce by action." (*Matts* v. *Hawkins*, 5 Taun. 20; *Cubitt* v. *Porter*, 8 Barn. & Cr. 257.)

So the plaintiff and defendants in this case will each have a right to the use of their respective lots, and to the sole use, saving only, and subject only, in each case to the right the other will have to the use of the party wall; hence it will be important to consider what rights one of them will have to or in this wall, aside from the right he has to the half of it by virtue of owning the ground on which that half stands. Each part of the wall gives strength and support to the other part; the owner has a right to that support. He has a qualified right in the whole wall, but still he must so use it as not to interfere with the right of his neighbor to a similar use of it.

It is by the contract evidently in contemplation that each of the parties will construct a building; probably buildings in many respects similar. In each case symmetry and beauty of front will be an element going to make up the value and availability of the proposed building. There is nothing in the nature of the right which one of these parties acquires in the property of the other, that will justify extending his pilaster or cornice beyond the original boundary line. Such a proceeding is a violation of the rule, that he must so use his own as not to injure others; and it even goes beyond that by an actual encroachment upon the premises of another.

"Each is owner in severalty of the portion of wall situated on his own land, with no qualification except that neither has a right to pull it down without the other's consent." (*Sherred* v. *Cisco*, 4 Sandf. Sup. C. 480.)

I cannot now see any grounds that justify the defendants in projecting their iron front upon the premises of the plaintiff. Nor can I say that any remedy but its removal will be adequate under the facts as they are presented on this motion.

But it is not shown that the plaintiff is now engaged in building, or that he intends to build on his lot, at so early a day as to make the removal of this obstacle necessary before the final hearing in this suit. It is shown by the evidence of experts that the removal would be attended by nearly or quite the same expense at the present time that it will be if required after the completion of the building; and the completion of the building will not tend to render the decree ineffectual so far as relates to the iron front.

I think, therefore, in regard to this branch of the case, it will be a proper exercise of the discretion of the court to refrain from making an order until after final hearing.

As to the location of the wall of the second story, it is not shown that the plaintiff will be irreparably injured; but, on the contrary, the plaintiff admitted, when on the stand as a witness, that the injury, which is a mere diminution of the width of his premises above the second floor, might be fully compensated by a sufficient payment of money.

I am not inclined to place the refusal of this motion on the ground asserted in argument; that literally the wall, treated as a whole, extends equally on the lands of each party. The spirit and intent of the contract does not seem to me to be complied with in this respect; a fair construction is, that no more of the plaintiff's premises should be encumbered than of the defendant's. But I think the circumstances, that it was uncertain how long the wall would stand before the plaintiff would build and protect it by a roof, and that the contract leaves that matter to the party's option for an indefinite period, may well be considered in determining whether the defendants shall now be restrained,

and compelled to rebuild that part that is already constructed above the second floor.

Under the circumstances of·the case I shall decline making an injunction order before the final hearing. And the present motion will be denied.