[No. 10425. Department Two. August 21, 1912.]

HANNAH M. DREW, *Appellant*, v. H. P. BOUFFLEUR, *Respondent.*[1]

CANCELLATION OF INSTRUMENTS — DEEDS—FRAUD AND DURESS—EVIDENCE—SUFFICIENCY. A claim of fraud and duress in securing a deed from the plaintiff in a settlement is not established, where there was evidence that she took the advice of counsel and executed the deed after being advised not to do so; that defendant's threatened foreclosure of a mortgage placed her in no danger, and that she accepted the benefits accruing to her through the settlement and had not offered to return the same.

ACKNOWLEDGMENT — IMPEACHMENT — EVIDENCE—SUFFICIENCY. A mere denial that a grantor did not acknowledge a deed she had signed is outweighed by the fact that she went before the notary for the purpose of acknowledging it, where there was other evidence that she actually acknowledged it.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered October 9, 1911, upon findings in favor of the defendant, in an action for cancellation, after a trial to the court. Affirmed.

*L. H. Prather*, for appellant.

*John C. Kleber*, for respondent.

PER CURIAM.—The appellant brought this action against the respondent to procure the cancellation, on the ground of want of consideration, duress and fraud, of a quitclaim deed executed by herself to the respondent. From the record it appears that one Benjamin F. Smith died, leaving a tract of land, one-half of which he devised to the appellant, and one-half to certain other parties. The estate was indebted in a considerable sum, and to pay the same the land was sold by the executor named in the will, at public sale. The respondent became the purchaser at the sale, paying for the land the amount of the obligations against the estate, some $700,

[1]Reported in 125 Pac. 947.

taking the title thereto in his own name.   The purchase was made pursuant to a written agreement between the appellant and respondent, the precise terms of which are in dispute, the writing itself having been lost while in the possession of the respondent.   The respondent's version of the agreement is that he undertook to purchase the land at the executor's sale for a sum sufficient to pay the obligations against the estate, make an advancement to the respondent sufficient to clear a mortgage on her home place, and after these sums had been repaid to him, to divide the land evenly with the appellant. The appellant, on the other hand, contends that the respondent agreed to pay a thousand dollars for a half interest in the land, the money to be used in payment of the debts of the estate, and certain liens, consisting of a mortgage and taxes, then on the appellant's home property; and that she was to have, in addition to the money necessary to pay the liens, an undivided half interest in the property free from incumbrances.   The precise terms of the agreement being in dispute, the parties settled their difficulty by a new agreement. The appellant gave to the respondent a quitclaim deed for her interest in the land purchased from the estate, and he in turn procured for her a cancellation of the mortgage against her homestead, and gave her acquittances for certain moneys he had advanced to her in the payment of taxes and for her personal use.

It is this quitclaim deed that the appellant sought to set aside in this action.   The duress and fraud alleged is the taking advantage of the necessities of the appellant thus compelling her to enter into the agreement of settlement. She alleges, and testified at the trial, that the respondent threatened to foreclose the mortgage on her home unless she acceded to his terms of settlement; that she had a sick daughter living with her; and that this threat so far disturbed the daughter's peace of mind as to render her condition dangerous, compelling the appellant to comply with the request in order to save the daughter's life.   But the evidence does not

justify this claim. It was shown that she took the advice of counsel just prior to making the settlement, and was advised by him not to enter into it, as her contentions if they could be proven would prevent a foreclosure of the mortgage and she stood in no danger of losing her home by reason thereof. It was shown also that the daughter was a mature woman, with a family of her own, capable of being made to understand that no danger lay in a foreclosure suit if the appellant's version of the contract was correct. Moreover, the appellant has accepted the benefits accruing to her from the settlement, no part of which has she offered to return.

The appellant next insists that she did not in fact acknowledge the quitclaim deed, and that the officer's certificate thereon to that effect is false. But this claim is also without merit. She bases her charge of want of acknowledgment on the assertion that she refused to state to the notary taking the same that she executed the deed freely and voluntarily for the uses and purposes therein mentioned. But aside from the fact that she went before the notary for the purpose of acknowledging it, there is evidence that she actually did acknowledge it, sufficient to outweigh her denial.

The judgment is affirmed.