JOHN F. LAKE, Trustee of the Estate of·Louis E. Dredge, Bankrupt, v. CLARA J. DREDGE and LOUIS E. DREDGE, Appellants.·

**Contracts:** RESCISSION: RETURN OF CONSIDERATION. A contract for the settlement of litigation, though procured by fraud, is only voidable; and can only be rescinded and cancelled by returning, or offering to· return, the consideration ·received thereunder.

**Same:** APPEAL: SETTLEMENT OF LITIGATION: EFFECT. On appeal from a judgment cancelling a conveyance, the appellant cannot maintain the appeal, where, pending the same the litigation was settled, and where he did not return or offer to return the consideration received, although he was unable to return the same.

**Same:** SETTLEMENT OF LITIGATION BY REFEREE IN BANKRUPTCY. A settlement of litigation made by a trustee in bankruptcy and approved by the referee, after notice to creditors, was valid and binding.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, DECEMBER 11, 1912.

THE facts are stated·in the opinion. Appeal *Dismissed.*

*Earl R. Ferguson* and ·*C. R. Barnes,* for appellants.

*Denver L. Wilson* and *Thos. W. Keenan,* for appellee.

SHERWIN, J.—This is an action in equity, brought by the plaintiff as trustee of the estate of Louis E. Dredge, bankrupt, for the purpose of setting aside the conveyance of a lot to Clara J. Dredge, the wife of the bankrupt, as in fraud of creditors. The original case was tried before the district .court of Page county, Judge Thornell presiding, at the regular May, 1911, term of said court, and was taken under advisement, with the agreement among counsel and the court that written arguments might be filed at counsels' convenience. A short time thereafter, but during the same term of court, the plaintiff filed a motion to reopen the case for the purpose of submitting additional evidence. No objection thereto was made by the defendants, and their counsel stipulated for the introduction of the desired exhibits, under certain objections made thereto in the stipulation, and that said evidence might be taken in the absence of the defendants or their counsel. The additional evidence, in the form of exhibits, was not offered during the term of court; but after Judge Thornell had returned to his home in Sidney, Fremont county, said evidence was sent to him with the stipulation to which we have referred, and was considered by him in his final determination of the case. Defendants' counsel were not present before the judge in Sidney; nor is there any showing that they were in any way advised that this additional evidence was first offered after the adjournment of the Page district court, and in vacation. A decree was finally entered, setting aside the transfer, because in fraud of creditors, and the title to the lot was found to be in the plaintiff trustee, subject, however, to a mortgage of $400, which was on the property at the time Louis E. Dredge purchased it. The defendants appealed in the latter part of August, 1911. In April, 1912, after the abstract had been filed herein, as we understand the record, it was discovered that the exhibits, constituting the additional evidence that was received by Judge Thornell at Sidney, and the stipulation relating thereto, were not in the clerk's office

in Page county, nor could they be found, and there was no record showing that they had ever been filed in said office. Thereupon plaintiff moved for leave to substitute copies of the lost papers, and by agreement of parties a hearing on the motion was had before Judge Thornell at Glenwood, Iowa, and after a hearing, in which defendants resisted the application, substitution was ordered, and from that order the defendants have also appealed.

On the 12th day of August, 1912, the plaintiff and the defendants agreed upon a settlement of this case, and the defendants executed a writing, under oath, in which they acknowledged the receipt of $200 from the plaintiff, and stated that it was received in full settlement and satisfaction of their demands and contentions in the appeal of this case, and stipulated that the decree of the trial court should stand and be binding on all parties concerned, and that their appeal should be dismissed. Based upon this written acknowledgment and stipulation, the plaintiff thereafter filed a motion to dismiss the appeal in this case. This motion is resisted by the defendants on the principal ground that it was obtained by fraud and false representations. The motion was ordered submitted with the case, and we give it our first consideration, because, if sustained, it is an end of both appeals.

Defendants base their contention that the appeal should not be dismissed on the following grounds: First, because it was obtained by fraud and misrepresentations; and, second, because the motion is not a proper remedy—the same being resisted by the defendants. On the last of these two propositions, it is contended, in effect, that this court is without jurisdiction to determine whether the stipulation of settlement was obtained by fraud. It is said that our jurisdiction is appellate only, and because the resistance to the motion puts in issue the *bona fides* of that transaction we have no power to pass upon the question.

We do not deem it necessary to determine this question,

because of another matter that is without dispute in the record. As we have heretofore said, the appellants received $200 when they signed the stipulation of settlement. This sum they still retain and make no offer to return the same, although they say that they are willing to have it charged to them, if it be determined by this court that the judgment of the district court should be reversed and the property ordered returned to them. The defendants further say they are financially unable to tender its return in any other way, because they have used the money and have no means of replacing it. If it be conceded, for the purposes of this case, that the settlement in question was brought about by the fraud of the appellee, it is still true that the contract of settlement is voidable only, and that it can only be disaffirmed and avoided by returning, or offering to return, the consideration received thereunder. *Fitzgerald v. Paisley*, (Iowa) 119 N. W. Rep. 166; *Ross v. Eggers*, 148 Iowa, 306, and authorities cited therein.

1. CONTRACTS: rescission: return of consideration.

Appellants' claim at this point, that they should not be held to an offer to return the money received by them, because, if the judgment against them is reversed, the sum received may be credited on the sum that would have to be returned to them, is not sound. They have no right to rescind and at the same time keep the consideration for the settlement, unless it be found that they are entitled to a return of the property taken from them under the judgment of the district court. There are cases holding that an offer to return is not necessary where it appears that as much, at least, as the amount received would be due the party in any event; but this is not a case of that nature. Here, if the judgment should be affirmed, the plaintiff would be entitled to the property awarded him by the decree of the district court, and would lose the money paid as consideration for the settlement, and this because of defendants' admission that they are unable to

2. SAME: appeal: settlement of litigation: effect.

refund. Neither law nor equity will give the defendants such an advantage.

Appellants further contend that the plaintiff, as trustee, had no authority to compromise and settle with the defendants. It is doubtful whether appellants would have any right to make this objection, were the fact as stated by them. The record, however, shows with sufficient certainty for the purposes of this motion that plaintiff's act has been fully approved by the referee in bankruptcy after due notice to creditors.

3. SAME: settlement of litigation by referee in bankruptcy.

We reach the conclusion that the motion to dismiss the appeal should be *Sustained;* and such is the order.