Argued September 11, reversed October 6, rehearing denied November 24, 1914.

# HADLEY *v.* HADLEY.*

(144 Pac. 80; 144 Pac. 82.)

**Dower—Property Subject—"Equitable Estate."**

1. Under Section 7286, L. O. L., giving a widow dower in lands whereof her husband was seised of an estate of inheritance, she has no dower in equitable estate in lands, such as a partnership interest in lands held in the name of a surviving partner. .

**Executors and Administrators — Distributions of Estate — Personal Property.**

2. The personal property of a decedent goes by operation of law to the administrator and must be distributed by him.

**Executors and Administrators — Settlement of Estate — Collection of Assets.**

3. It is the duty of a general administrator, if he has reason to believe that a partnership existed between the decedent and his son, in whose name the property was held, to have it inventoried as such and, if necessary, bring suit therefor against the person in possession, or to resign.

**Descent and Distribution—Action by Heir—Failure of Administrator to Act.**

4. Where the personal representative of a decedent refuses to act where it is claimed that a partnership exists between the decedent and another who held the title to the property in his own name, the widow may apply in equity to reduce to the possession of the administrator the outstanding assets, and this suit can only operate in aid of the administration.

**Descent and Distribution—Action by Heir—Conditions Precedent.**

5. In a suit by a widow to have property standing in the name of decedent's son declared to be partnership property of the decedent and his son, where the answer denies that the property is partnership property and the widow admits receiving a sum from the son in settlement of her claim, but alleges that she was induced to accept it by fraud, she cannot maintain the suit without tendering back the sum received.

**Descent and Distribution—Action by Heir—Relief Awarded.**

6. A widow, claiming that certain property standing in the name of decedent's son was partnership property of the decedent and his son, cannot maintain a suit to have her interest therein as heir adjudged, but only to determine that the interest of the decedent in

*Upon the deceased partner's widow's right of dower in partnership real estate, see note in 27 L. R. A. 340.

the partnership is property of his estate to be administered in the usual manner.

[As to dower rights in partnership lands, see note in Ann. Cas. 1912A, 410.]

**Attorney and Client—Lien for Attorney's Fees.**

7. In a suit to have property standing in the name of decedent's son adjudged to be partnership property, the court cannot create a lien in favor of the plaintiff's attorney on the property.

[As to lien of attorneys for services, see note in 51 Am. St. Rep. 251.]

From Tillamook: JAMES U. CAMPBELL, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

One C. B. Hadley, a resident of Tillamook County, Oregon, died December 7, 1911. The plaintiff is his widow, and she brings this suit, alleging that C. B. Hadley in his lifetime was a partner with C. E. Hadley, his son; that they did business together for many years under the partnership name of C. E. Hadley, and at the time of the death of C. B. Hadley there was a large amount of partnership property in the name and possession of C. E. Hadley—namely, real estate of the probable value of $75,000, and personal property of the value of $180,000; that C. W. Talmage was appointed administrator of the estate of C. B. Hadley, but that he refuses to inventory the property of the said partnership estate as such. Plaintiff seeks to have determined the question of the existence of the partnership and the property belonging thereto, her dower in the real estate as well as in the personal property, and to be adjudged the owner thereof; also to have determined the fees to be allowed her attorney for bringing this suit. She asks that C. E. Hadley be compelled to account to the estate of C. B. Hadley for the said partnership property; that C. B. Hadley's estate be declared the owner of an undivided half interest in said real estate described in the complaint and

in the personal property in the hands of C. E. Hadley; and that C. W. Talmage be appointed receiver of the said property pending the litigation. To this complaint the defendant C. E. Hadley makes answer denying the existence of said partnership, and alleging that he is the owner personally of all of said property referred to in the complaint. After the said case was at issue and ready for trial, plaintiff and defendant C. E. Hadley made a pretended settlement of plaintiff's interest in said partnership property for the consideration of $7,000 paid to her; and plaintiff having neglected to have said suit dismissed, on March 22, 1913, C. E. Hadley filed a supplemental answer setting up the said settlement and asking for the dismissal of said suit. Plaintiff filed a reply to said supplemental answer alleging fraud in the said settlement, and asking that the settlement be declared void; that plaintiff be allowed to retain said $7,000 paid thereon; and that it be deemed an equitable advance to plaintiff of the amount that may be found due upon her share of said estate upon final adjudication thereof. Thereupon testimony was taken upon the issues tendered by the complaint, answer and supplemental answer and reply. At the close of plaintiff's testimony defendants moved for a dismissal of said suit for the reason that plaintiff has not established the allegations of the complaint entitling her to any relief, which motion was sustained and the suit dismissed. Plaintiff appeals to this court.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Oak Nolan* and *Mr. R. J. Howland,* with an oral argument by *Mr. Oak Nolan.*

For respondents C. E. Hadley, D. J. Hadley and Maud Sharp, there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. Sidney S. Johnson,* with an oral argument by *Mr. Duniway.*

For respondent C. W. Talmage, administrator of the estate of C. B. Hadley, deceased, there was a brief and an oral argument by *Mr. George G. Bingham.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. In the pleadings, as well as at the trial, plaintiff seeks to have her dower in the partnership property declared and admeasured to her, and that she have judgment for her half interest in her husband's interest in said partnership property. The main purpose of this suit seems to be to recover the widow's share of the estate's interest in said partnership. The title to the real estate in said partnership is in C. E. Hadley, and therefore the interest of the real estate is an equitable interest; and a widow has no dower in an equitable estate in lands: Section 7286, L. O. L.; *Burton* v. *Moffitt,* 3 Or. 29; *Neal* v. *Davis,* 53 Or. 423 (99 Pac. 69, 101 Pac. 212).

2. And distribution of personal property of the estate must come through the administrator. In *Casto* v. *Murray,* 47 Or. 57 (81 Pac. 388, 883), it is said that upon the death of any person his personal property passes by operation of law to the personal representatives, from whom only the title thereto can be derived; and in *Hillman* v. *Young,* 64 Or. 73 (127 Pac. 793, 129 Pac. 124), it is said that the personal property of a deceased person goes by operation of law to the administrator and must be distributed by him.

3. It was the duty of the general administrator, if he had reason to believe there was a partnership, to have inventoried it as such, and, if necessary, bring suit for the recovery thereof from the person in possession, if there was a reasonable ground to believe a partnership existed, as is disclosed by the administrator's answer in this proceeding. If he was unwilling to do his duty in relation thereto, he should have resigned as such administrator and let some other person attend to it.

4. So that the plaintiff had no personal interest in any of the property, real or personal, until the close of the administration of the estate; but under *Hillman v. Young, supra,* where the personal representative neglects or refuses to act, which was the case here, the heir may apply in equity to reduce to the possession of the administrator the outstanding assets of the partnership, so that it may be included in the estate, and this suit can only operate in aid of the administration.

5. Plaintiff by her reply to the supplemental answer admits the settlement alleged therein, but alleges fraud by the defendant C. E. Hadley in procuring it; and she seeks to have it declared void, but asks to retain the $7,000 as part of her dower share of the estate in the final decision of this case. This is upon the assumption that the partnership exists as she alleges in the complaint and that she will have that amount due her from said property, which is denied by the answer, and we have no right to assume that it exists. When she filed her reply to the supplemental answer, she should have proved the fraud and offered to put the defendant *in statu quo* by tendering back the $7,000. The question of fraud was not tried out or passed upon by the Circuit Court, and there was no tender back of the $7,000 as a condition of her right to proceed

with the trial. The fraud entitling her to rescind the contract of the settlement and to proceed with the trial must be established before the court as a condition of her proceeding therewith. There are a great many matters suggested on this appeal that we have not discussed and deem them entirely immaterial, as we cannot give final decision on this appeal.

6. The case ought to go back to the trial court for complete trial between the parties as to the existence of the partnership and for final disposition there; and if the partnership is found to exist, the decree should be rendered in favor of the estate, putting the administrator in charge thereof for final settlement and distribution. The settlement made with plaintiff cannot prejudice the rights and duties of the administrator to take notice of the partnership, if there be one, and to administer the same in the usual manner. Plaintiff can only sue to have the property adjudged partnership property of C. B. Hadley, deceased, and C. E. Hadley, and to determine that the interest of C. B. Hadley is the property of his estate, to be administered in the usual manner, and not to adjudge her interest therein as an heir or distributee. That can only be done in the County Court at the close of the administration, and plaintiff's interest in said property can only be recognized to that extent. In *Hillman* v. *Young,* 64 Or., at page 90 (129 Pac., at page 126), the procedure in such a case is fairly well outlined:

" 'When an administrator refuses to bring an action upon a claim due the estate, heirs, creditors and others interested in its collection should have an adequate remedy. * * It is, in effect, an action for the benefit of the estate brought in the name of the heirs or creditors because the personal representative has refused to bring it.' * * Here it is manifest by the allegations of the complaint, as well as avowals of the answer of

the executor, Jones, that he was claiming the property in question as his own, and would not take any steps to reduce it to the possession of the estate that it might be distributed to the heirs. The case was ripe for the interposition of equity at the suit of the heirs in aid of proper administration of the estate, in order that the course of the descent and distribution laid down by law might not be hindered or obstructed by the unwarranted assumption of the administrator."

7. It is not the province of this court to create a lien in favor of plaintiff's attorney on the property, as the property is not plaintiff's property, nor is this adjudication thereof in her favor. If the estate is liable for an attorney's fee, that is a matter to be settled in the County Court, and is immaterial here.

The decree of the lower court will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.

---

Denied November 24, 1914.

ON PETITION FOR REHEARING.

(144 Pac. 82.)

Department 2. MR. JUSTICE EAKIN delivered the opinion of the court.

The petition for rehearing insists that this court should make final decree in the case without sending it back; but the trial in the Circuit Court was presented upon an entirely wrong theory of the law, and

the case being finally submitted on such theory, it came before this court upon issues not properly involved. The case was disposed of upon a motion to dismiss the suit. The alleged partnership estate, if the complaint be true, is large, and the proper issue not having been raised, there might be a wrong done the estate if the present decree be affirmed. Equitable principles seem to require that the case be sent back to the Circuit Court that it may be properly presented. The real issue, if properly made, was lost sight of at least by appellant. In denying this motion we do not want to appear to approve appellant's construction of the opinion.

The petition is denied.        Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.