Argued February 3, affirmed February 23, rehearing denied March 21, 1916.

## HADLEY v. HADLEY.

(155 Pac. 195.)

**Appeal and Error—Disposition of Cause—Effect of Decision.**

1. A holding on appeal that plaintiff should have offered to put defendant *in statu quo* by tendering back a sum paid by defendant to her is controlling on the trial court, whose duty it is to cause the mandate to be entered and to enforce the condition prescribed.

**Compromise and Settlement—Rescission—Restoration of Consideration.**

2. Where money is paid as a compromise and not because it is conceded to be due, the party receiving the payment cannot set aside a release given by him on the ground of fraud without restoring the consideration.

**Compromise and Settlement—Rescission—Restoration of Consideration.**

3. A party *sui juris*, seeking to rescind a compromise agreement for fraud, is not relieved of the obligation to restore the benefits he has received by his inability to do so, and it is not sufficient to offer to set off the amount so obtained against what is claimed from the other party.

**Partnership—Accounting—Conditions Precedent—Restoration of Consideration.**

4. Where plaintiff claimed that a partnership existed between her deceased husband and defendant, which defendant denies, a sum paid by defendant to plaintiff for her interest in the partnership must be returned as a condition precedent to a suit for accounting, based on the existence of the partnership.

> [As to effect of death of partner on partnership, see note in 79 Am. St. Rep. 709.]

From Tillamook: WEBSTER HOLMES and H. H. BELT, Judges.

This is a suit by Otelia Hadley against C. E. Hadley, D. J. Hadley, Maud Sharp and C. W. Talmage,

administrator of the estate of C. B. Hadley, deceased. From a decree dismissing the suit, plaintiff appeals.

AFFIRMED

For appellant there was a brief over the names of *Mr. Oak Nolan* and *Mr. B. J. Howland,* with an oral argument by *Mr. Nolan.*

For respondents C. E. Hadley, D. J. Hadley and Maud Sharp, there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. Sidney S. Johnson,* with an oral argument by *Mr. Duniway.*

For C. W. Talmage, administrator, there was a brief over the name of *Mr. George G. Bingham.*

Department 1. Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the plaintiff, Otelia Hadley, from a decree dismissing her suit. On a former appeal herein the plaintiff, as the widow of C. B. Hadley, sought, as against the other heirs of the deceased, to have it decreed that for several years prior to and at the time of her husband's death he had been and was a partner with his son, the defendant C. E. Hadley, who was in possession of firm assets of the value of $255,000, of which the administrator, the defendant C. W. Talmage, refused to make an inventory, and that she had a dower estate in the partnership realty and owned a moiety of the personalty thereof. The answer of the defendant C. E. Hadley denied the partnership, and for a separate defense alleged he was the owner of all the property described in the complaint; after the cause was at issue, but before it was tried, that defendant paid the plaintiff $7,000 for all her interests in the property, and she executed to him a

deed thereof.   The suit not having been dismissed pursuant to such settlement, a supplemental answer was filed, setting up the alleged compromise and praying for a dismissal of the suit.   A reply controverted the averments of new matter in the supplementary answer, and alleged that the settlement relied upon had been secured by fraud.   The prayer of the reply was that the alleged compromise might be  set aside and the plaintiff allowed to retain the sum of money which she had received as an equitable advancement on account of what might be found to be due her upon the final settlement of the estate.   Testimony in support of the revised issues was received, and, the cause having been submitted, the suit was dismissed, whereupon the plaintiff appealed and the decree was reversed: *Hadley* v. *Hadley,* 73 Or. 179 (144 Pac. 80).   The mandate having been sent down, the defendants served upon plaintiff's counsel a notice that on December 28, 1914, upon the convening of the trial court, it would be asked to make an order, requiring the plaintiff forthwith to repay the defendant C. E. Hadley the sum of money which she had thus received from him, before she would be permitted further to prosecute the cause, and in default of such payment, that the suit be dismissed.   At the time designated in the notice, the plaintiff's counsel filed objections to the right of the trial judge, Honorable WEBSTER HOLMES, to make any order in the cause, except to direct the mandate to be entered, by reason of his alleged interest in the subject matter of the suit.   The affidavit of such counsel, in support of the objections, is to the effect that, immediately prior to his appointment to the bench, the judge had stated to the affiant that a compromise of the issues involved in this suit could be concluded, and that if a settlement thereof was made he should expect, as his fee, a

part of the consideration to be paid. These objections were overruled, the mandate was recorded in the journal, and, the plaintiff having refused to comply with the order of the court to repay the sum of $7,000, the suit was dismissed. Thereupon plaintiff's counsel moved for leave to file a supplemental complaint, which application was denied. Thereafter he applied to Honorable H. H. Belt, the successor of Judge Holmes, to vacate the order of the latter dismissing the suit. In order to controvert the sworn statement of the plaintiff's counsel, as to the alleged disqualification of the former trial judge, the defendant C. E. Hadley filed a counter-affidavit, stating, in substance, that Judge Holmes had never been retained by the defendants, nor had either of them ever consulted with him in any matters. Based thereon, the motion was denied, and the plaintiff seeks to review the action of the court dismissing the suit.

1. On the former appeal, Mr. Justice Eakin, referring to the plaintiff, says:

"When she filed her reply to the supplemental answer, she should have proved the fraud and offered to put the defendant *in statu quo* by tendering back the $7,000. The question of fraud was not tried out or passed upon by the Circuit Court, and there was no tender back of the $7,000 as a condition of her right to proceed with the trial": *Hadley* v. *Hadley*, 73 Or. 179 (144 Pac. 80).

The language thus employed was controlling upon the trial court, whose duty it was to cause the mandate to be entered and to enforce the condition prescribed: 3 Cyc. 488; *Apex Trans. Co.* v. *Garbade*, 32 Or. 582, 592 (52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513). It remains to be seen whether or not the expression last quoted correctly states the rule applicable to the facts

involved. In a note to the case of *Bryant* v. *Isburgh,* 74 Am. Dec. 655, 661, 662, it is observed:

"In legal actions, brought as though the contract had been rescinded, a complaint which does not allege restoration, or an offer to restore, does not state a cause of action. * * In a suit in equity for a decree of rescission, the complaint need not allege a tender of [or] offer to perform."

These excerpts are set forth in the case of *Crossen* v. *Murphy,* 31 Or. 114, 122 (49 Pac. 858, 860), where it is said:

"The maxim that 'he who seeks equity must do equity' is evidently not violated by the failure of the plaintiff in a suit to rescind a contract for fraud to allege a restoration of, or an offer to return, the consideration, or a willingness even to do so; for by his application to the court for equitable redress he concedes that before it will be awarded, he must do equity, which will compel him to account for everything of value he may have received, thereby tacitly inviting the court to protect the rights of the defendant by decreeing a restoration in consideration of the rescission. This method would permit a vendor who had been defrauded, but who was unable to restore the consideration, to institute a suit to rescind a contract voidable for fraud; for the court could do equity by all parties by decreeing that the amount so received should be a lien upon the property in favor of the vendee."

2, 3. A suit in equity by a vendor to rescind a sale of land, alleged to have been induced by fraud, is generally predicated upon the assumption that the real property is worth more than the consideration received, so that when the decree impresses upon the premises a lien in favor of the purchaser for the amount of money paid out, ample security is thereby afforded him. Such suits proceed upon the theory that the vendor's title to the realty was perfect, and

79 Or.—37.

when the contract for the sale of the land is rescinded by the decree, he is thus restored to his original estate in the premises. Where a sum of money is paid as a compromise, and not because it was conceded to be due, the party receiving the payment cannot set aside and cancel a release given by him, on the ground of fraud, and yet retain the whole consideration therefor: *Mc-Michael* v. *Kilmer,* 76 N. Y. 36. Before the settlement of a claim by the payment of any sum less than the amount due thereon can be set aside on the ground of fraud, the party receiving the money must rescind the settlement and tender back whatever sum had been paid in effecting the agreement: *Bisbee* v. *Ham,* 47 Me. 543. A party *sui juris,* seeking to rescind a compromise agreement, alleged to have been induced by fraud, is not relieved of the obligation to restore the benefits which he has received merely because of his inability to do so, and it is not sufficient, under such circumstances, to offer to set off the amount so obtained against what is claimed from the other party: *Babcock* v. *Farwell,* 245 Ill. 14 (91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74).

4. In the case at bar it will be remembered that the alleged existence of a partnership of C. B. Hadley, at and prior to his death, with his son C. E. Hadley is denied. The settlement of the plaintiff's demand was the compromise of a disputed claim for which $7,000 was paid, evidently in order that peace might be secured. There is no certainty that the plaintiff's charge of fraud would be sustained, so that she could obtain a greater sum of money upon a settlement of the alleged partnership estate. This being so, the plaintiff, as indicated in the opinion on the former appeal, was properly required to return the sum of money

which she had received, before she was entitled further to prosecute this suit.

Judge BELT, on the motion to set aside the order complained of, inferentially determined that Judge HOLMES had not been interested in the compromise that was entered into by the plaintiff, and in this conclusion we concur.

It follows that the decree should be affirmed, and it is so ordered.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.