# Kentucky Central Life & Accident Insurance Company v. Burrs.

(Decided Oct. 30, 1934.)

J. PELHAM JOHNSTON, and PETER, LEE, TABB, KRIEGER & HEYBURN for appellant.

R. E. LEE MURPHY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

In October, 1922, the Kentucky Central Life & Accident Insurance Company issued to Arthur Burrs, a colored man, a policy of insurance whereby it promised to pay to Sallie A. Burrs, wife of insured and beneficiary named in the policy, the sum of $100 in the event of his death from natural causes, and further agreed to pay the designated beneficiary the sum of $2,000 in the event of his death resulting directly and independently of all other causes through external, violent, and accidental means. It provided, however, that the accidental death benefit should not be paid for death resulting from certain enumerated causes or for injuries sustained

while the insured was "under the influence of narcotics or intoxicants," but that, if death was caused from any of these enumerated causes or from injuries sustained while insured was under the influence of narcotics or intoxicants, it would be deemed a natural death within the terms and provisions of the policy.

On or about September 11, 1932, while sprinkling the tracks of the Kentucky Trotting Horse Association at Lexington, insured fell from the sprinkler and sustained a broken neck and other injuries from which he died three or four days later. A few days after the death of insured, his widow, the beneficiary, and her two daughters, Lottie Fisher and Mary Burrs, went to the office of the company's manager at Lexington, where necessary proof was made and a policy for $72 which had been issued to deceased by the company and in which one of the daughters was made beneficiary was paid. It is not clear whether there was at this time any discussion respecting the policy in which Sallie Burrs was beneficiary, but it does appear that there were two or three conferences respecting this policy later on. The company's agent and manager contended that it was only liable for $100 on the policy, and based this contention on information he claimed to have acquired that insured was intoxicated at the time he received his injuries. The negotiations finally resulted in Sallie A. Burrs signing a written proposal dated October 14, 1932, whereby she agreed to accept the sum of $1,000 in full settlement of her claim under the policy, the offer to remain in force for ten days from the date thereof. On October 19 the company's check for $1,000 was delivered to her, and she signed a receipt and release which, omitting the signatures of herself and witnesses, reads:

"Received from the Kentucky Central Life and Accident Insurance Company One thousand dollars [$1000.00], which, to avoid litigation and expense, is paid and accepted in compromise and full settlement and satisfaction of all benefits and demands at law, and in equity claimed under said policy certificate numbered X-20428 to date, and I have and do hereby fully release and acquit said Kentucky Central Life and Accident Insurance Company from any and all further claims and demands of every kind and character by reason of said policy, and do hereby surrender and release to said company said

policy certificate and all receipts and receipt books thereto.

"Witness my signature this, the 19 day of Oct. 1932."

Within a day or so after she signed the agreement the check was paid to her.

Thereafter she instituted this action setting up the facts with respect to the death of her husband and seeking to recover the sum of $2,000 subject to credit by the amount theretofore paid and alleging that she had made demand upon the company, but that it had refused to pay any part thereof except the $1,000.

By answer, the company denied certain allegations of the petition with respect to its liability, but admitted that it issued the policy containing the provisions hereinbefore referred to, and alleged that, after the death of insured, a controversy arose between it and the beneficiary as to whether insured's death was accidental under the provisions of the policy or whether the injuries which resulted in insured's death were sustained while he was under the influence of intoxicants; the company taking the latter view and contending that it was only liable for $100 under the terms of the policy, and insured taking the other view and contending that she was entitled to the sum of $2,000. The company set up the proposal made by plaintiff to accept $1,000 in full settlement of her claim, its acceptance of the proposal, the execution of the receipt and release, and the payment of the check, and pleaded and relied thereon as a compromise settlement of the claim and the full and complete satisfaction thereof.

By a first paragraph of her reply, plaintiff denied the allegations of the answer with respect to the compromise settlement, and in a second paragraph pleaded that the alleged compromise settlement and release was procured through fraud and by the false and fraudulent representations of the company's agent. It was not alleged in the reply that plaintiff had paid back to the company the $1,000 she received in the settlement nor did she tender or offer to return same.

Defendant interposed a general demurrer to the second paragraph of the reply, and also entered motion to strike certain parts of the first and second para-

graphs, but the demurrer and motions were overruled. Defendant by rejoinder controverted the affirmative allegations of the reply, and, on the issues thus made, trial before a jury resulted in a verdict and judgment in accordance with the prayer of the petition. Upon the return of the verdict, and before judgment was entered, defendant filed motion for judgment notwithstanding the verdict, which was overruled. Defendant's motion and grounds for new trial having been likewise overruled, it is appealing.

As the first ground relied on for reversal, it is argued, in substance, that the return or offer to return the sum paid in consideration, compromise, and settlement of a cause of action is a condition precedent to setting aside the settlement and release and suing on the original claim.

There is a general rule prevailing in this and practically all other jurisdictions that one seeking to avoid or set aside a compromise settlement and to be remitted to his original rights must return or offer to return whatever he has received under the compromise settlement, and the party seeking such a rescission should allege the return or tender of return prior to or contemporaneous with the institution of the action. 5 R. C. L. 899, 900; 12 C. J. 355; Fox v. Hudson's Ex'x, 150 Ky. 115, 150 S. W. 49, Ann. Cas. 1914A, 832; Louisville & N. Ry. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Western & Southern Life Insurance Co. v. Quinn, 130 Ky. 397, 113 S. W. 456; Wells v. Royer Wheel Co. (Ky.) 114 S. W. 737; Smith v. Humphreys (Mo. App.) 266 S. W. 487; Swan v. Great Northern Ry. Co., 40 N. D. 258, 168 N. W. 657, L. R. A. 1918F, 1036; Rohrbach v. Travelers' Indemnity Co., 2787 Pa. 74, 122 A. 217; Cook v. Fidelity & Deposit Co. of Md., 167 F. 95, 92 C. C. A. 547; Hertz v. Montgomery Journal Co., 9 Ala. App. 178, 62 So. 564; Del Campo v. Camarillo, 154 Cal. 647, 98 P. 1049; Jordy v. Dunlevie, 139 Ga. 325, 77 S. E. 162; South Bend, etc., Gas Co. v. Jensen, 182 Ind. 557, 105 N. E. 774; Lake v. Dredge, 158 Iowa, 725, 138 N. W. 869; Id. (Iowa) 140 N. W. 830; Southwest National Bank v. Justice, 157 N. C. 373, 72 S. E. 1016; Hadley v. Hadley, 79 Or. 573, 155 P. 195; Johnson v. Belanger, 85 Vt. 249, 81 A. 621; Drew v. Bouffleur, 69 Wash 610, 125 P. 947; Home Benefit Society of New York v. Muehl, 109 Ky. 479, 59 S. W. 520, 22 Ky. Law

Rep. 1378, rehearing denied 60 S. W. 371, 22 Ky. Law Rep. 1264. As indicated in the latter case and disclosed by other authorities this rule applies to actions growing out of contract as well as to actions in tort.

Counsel for appellee earnestly insists that the general rule does not apply in this case, and in support of this contention cites Commonwealth Insurance Co. v. Hughes, 144 Ky. 608, 139 S. W. 769; American Patriots v. Cavanaugh, 154 Ky. 653, 157 S. W. 1099; Horn v. Atlas Assurance Society, 241 Ky. 226, 43 S. W. (2d) 675.

There is an exception to the general rule which is as well established as the rule itself, and, as indicated by practically all the authorities, applies as stated in 5 R. C. L. 900, where ''there is no dispute as to the amount due and the creditor is induced by fraud to accept a less amount he may attack the settlement without returning what he received; or if at the time of the compromise there was, without dispute, an amount due equal to the amount paid, then no tender is necessary.''

In the first two cases cited by counsel for appellee, recognition was given to the general rule, but it was held that it did not apply in either instance, because it was admitted that in any event the parties seeking to avoid the settlement were entitled to the amount received under it, and therefore it was not incumbent upon them to return or to offer to return the sum received in order to maintain an action on the original claim. In the latter case it was held, in effect, that the acceptance by insured of less than the stipulated amount due for total loss under a fire policy would not, in the absence of dispute in regard thereto, bar recovery for the balance due under the contract. The question of return or offering to return the amount received under the settlement was not raised by the parties or referred to in the opinion.

The right of appellee to recover $100 under the provisions of the policy is not disputed, but in the settlement she received $900 more. If she had received $100 or less in settlement of the claim, the case would come within the exception, but we find no authority for holding that she could avoid the settlement on the ground of fraud without returning or offering to return the sum received in excess of the amount concerning which there was no dispute. It therefore follows that the second

paragraph of the reply was defective, and the demurrer thereto should have been sustained.

It. is further maintained by counsel that appellant was guilty of no fraud. Since the judgment is to be reversed for reasons already indicated, a detailed recital of the facts and circumstances revealed by the record would serve no good purpose. It is sufficient to say that the allegations of appellee's reply respecting the representations made to induce her to accept the sum paid under the settlement are supported by a very great weight of evidence. The agent of the company admitted that he started out to make an investigation as to the causes contributing to the injuries and death of insured, and interviewed two or three officers and employees of the race course where insured was employed and who saw him a short time before and immediately after he sustained his injuries. Two of these employees testified on the trial. He did not reveal the information received from these employees, but permitted their evidence, which was very material and opposed to his contention, to go unchallenged. For some reason, he abandoned the investigation when all the facts were at hand and could easily have been obtained, and based his contention that appellee was not entitled to recover the accidental death benefit on information that arises little, if any, above the dignity of hearsay. Unquestionably the evidence made an issue to be submitted to the jury.

It is also argued that the contract was not without consideration, but it has been held that, where a beneficiary in an insurance policy is by fraud, deceit, or false representations of the insurer and without an understanding of his rights induced to accept a less sum than that provided in the policy, the acceptance is without consideration. American Patriots v. Cavanaugh, supra; Inter-Southern Life Insurance Co. v. Stephenson, 246 Ky. 694, 56 S. W. (2d) 332.

It is finally urged that the court erred in instructing the jury, but we have examined the instructions complained of, and conclude that the issues made by pleading and proof were fairly submitted to the jury.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial and proceedings consistent with this opinion.

Whole court sitting.