[No. 2,236.]

## DAVID MAHONEY *v.* THOMAS I. BERGIN.

Agreement Between Client and Attorney.—An agreement made by an attorney with a client to render his professional services "in the Courts of this State," in actions to test the validity of the client's title to certain real estate, in consideration of a conveyance by the client to the attorney of a portion of the land, does not bind the attorney to render his services in an action brought to test the validity of the same title in the Circuit Court of the United States for this State.

Idem.—If such agreement was fair and free from fraud, and the land conveyed by the client a reasonable fee for the services agreed to be rendered, the attorney will not be compelled to reconvey the land, upon the payment of a reasonable fee for his services rendered, because, by reason of the suit in the Circuit Court, the client compromised with the opposing parties, and paid a large sum of money to acquire opposing claims; and the attorney was not compelled to render the full amount of services expected.

Appeal from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The Court below rendered judgment for the defendant, and the plaintiff appealed.

The other facts are stated in the opinion.

*W. H. Patterson*, for Appellant.

If the defendant intended by this writing to restrict any demand upon his services excepting in the State Courts, in respect of the matters mentioned in it, then it is conclusive upon the plaintiff's proof, which is uncontradicted on this

point, that the agreement did not express his understanding
of the agreement he had made with his attorney, and on the
faith of which he made his deed of the land. And if the
defendant's construction of it was an afterthought with him,
occurring only when the "Galindo title" was set up in the
United States Circuit Court, it speaks unmistakably the lan-
guage of exaction, and strongly manifests the intention to
shirk a fair and professional discharge of the duty of an
attorney to his client. It is, moreover, evidence of an origi-
nal intent, and, taken in connection with the tenor of his
testimony on the point, is conclusive that he intended, by
the writing, to restrict his services to the State Courts; and
we have a right to infer, as a just inference, that, so intend-
ing, he employed language (" in the Courts of this State ")
which, at least to the ordinary and unprofessional mind,
would embrace all the Courts within this State in which the
"Galindo title" could be asserted or attacked, but which he
intended should bear the construction which he subsequently
gave it, when the necessity arose for his services. The rule
that obtains between contracting parties occupying the same
relative positions toward each other is not that by which
attorney and client are bound; but, as between the latter,
the rule is reversed. It lies with the attorney, in all cases,
to show affirmatively that his dealings with his client are
fair, just, and reasonable—the presumption being against
the fairness of the transaction. (*Evans* v. *Ellis*, N. Y. Court
of Errors, 5 Denio, 640; affirming Sup. Ct. in 11 Paige Ch.
467; *Poillon* v. *Martin*, 1 Sand. Ch. 569; *Howell* v. *Ransom*,
11 Paige Ch. 538; *Kisling* v. *Shaw*, 33 Cal. 435; *Valentine* v.
*Stewart*, 15 id. 387; *Hatch* v. *Hatch*, 9 Vesey Jr. 297; *Wood*
v. *Downer*, 18 id. 126; *Starr* v. *Vanderhagen*, 9 John. 258;
*DeRose* v. *Fay*, 3 Edw. Ch. 369; *DeRose* v. *Fay*, 4 id. 40;
*Lewis* v. *J. A.*, 4 id. 599.)

*T. I. Bergin*, for himself.

It will be borne in mind that all the instruments out of which the present action grows, were executed years ago—the land conveyed and professional services rendered on the faith thereof, that the referee finds that these were reasonably worth the fee agreed upon, *i. e.*, four thousand dollars in coin, and therefore, the case falls within the rule of equity in reference to executed contracts.

In *Nace* v. *Boyer*, 30 Pa. St. 109, the Court again says: "The grounds upon which Courts of equity, proceed in rescinding or canceling executed contracts, is much more narrow and to be more carefully trodden than that upon which they refuse specific performance of unexecuted contracts, or even decree their cancellation. Nothing but fraud or palpable mistake is ground for rescinding an executed conveyance."

The evidence of fraud or mistake must be clear and convincing, making it out to the entire satisfaction of the Court, and not leaving it open to doubt. (1 Story Eq. Secs. 152, 157, 176.) Had the agreed fee been paid in cash, would any one have pretended an action would lie for recovery thereof after the performance of the services, and especially where the services performed were reasonably worth as much as had been paid?


By the Court, TEMPLE, J.:

In November, 1866, the plaintiff, claiming to be the owner of the "Rancho Laguna de la Merced," against which there was an adverse claim called the Galindo claim, employed the defendant, who is an attorney and counselor at law, to test the validity of the Galindo title, and also to defend the plaintiff against a certain action then pending against him,

CAL. REPS. XLI—54

brought by one Nuttman. This contract was reduced to writing, and is in the words and figures following:

"In consideration of David Mahoney conveying in fee twenty acres of land in the Rancho Laguna de la Merced to me, Thomas I. Bergin, I, Thomas I. Bergin, an attorney and counselor at law, do undertake and agree with said Mahoney to render my professional services in the Courts of this State, in an action to test and determine the validity of the so-called Galindo deed, and also to defend the action of *James E. Nuttman* v. *David Mahoney* and *Richard O'Neill*, Twelfth District Court of this State.

"In witness whereof, I have hereunto set my hand, this 21st day of November, 1866.

                      "Thomas I. Bergin."

At the same time, in pursuance of the terms of the agreement, plaintiff executed to defendant a deed for twenty acres of land, valued at two hundred dollars per acre. Thereupon the defendant took charge of the Nuttman case for plaintiff, and shortly after brought a suit in the Twelfth District Court to quiet the title of plaintiff against the claimants under the Galindo title. This action was diligently prosecuted by defendant, but demurrers were interposed, and the case thereby delayed. This action was commenced on the 28th of December, 1866, but no trial on the merits has ever been had. Some time afterwards an action was commenced in the Circuit Court of the United States, at San Francisco, by the claimants under the Galindo title, against Mahoney and others, to obtain a decree that the confirmation of the title under which Mahoney claimed should inure to the benefit of Marks—the claimant under the Galindo title—and that the patent should issue to him instead of Mahoney; and also to enjoin the prosecution of the action brought by Mahoney in the Twelfth District Court to quiet his title. When this action was brought, Mahoney requested the defendant to

appear and defend it, as his counsel; but this the defendant refused to do, alleging that his contract only required him to render his professional services in an action to test the validity of that title in the Courts of this State.    Afterwards compromises were made in all these cases.    Mahoney acquired by purchase whatever rights Nuttman had, and also the claim under the Galindo title.    For all these compromises Mahoney paid, it is alleged, some sixty thousand dollars, thereby terminating the suits and rendering the services of defendant no longer necessary.

This suit is brought to compel the defendant to reconvey the twenty acres of land, upon being paid a reasonable sum for his services, and is based upon two propositions:  First— That the deed was unfairly obtained; that is, that defendant took advantage of the relation of attorney and client; and while plaintiff supposed he had a contract which would compel defendant to defend his title against the Galindo claim, the contract was so worded by defendant as to require very little labor for him, and afford little benefit to the plaintiff.  In other words, that the contract was obtained by fraud.   Second—That the defendant has not performed his contract.   It is also contended that the agreement, if properly construed by the defendant, did not express the intentions of the plaintiff, and was executed through a mistake, and ought, therefore, to be set aside or reformed.

The case was referred to a referee to find the facts, and he has found on all the issues for the defendant.  He finds that the agreement was fair, and free from fraud; that the land conveyed was a reasonable fee for the services agreed to be rendered, and that the agreement was correctly reduced to writing, and correctly expressed the intention of the parties at the time.   In this finding I think the referee is fully justified by the evidence.   There is no evidence tending to show that the least advantage was taken of Mahoney in the matter; but the contrary clearly appears.

His own evidence shows plainly that he knew what he was about, and indicates both the ability and disposition to take care of his own interests, and no inclination to repose unusual confidence in any one.

Nor do I think the evidence clearly shows a mistake in the terms of the contract. The undertaking was not to defend the plaintiff's title against the Galindo claim, even in the State Courts, but to render his services in an action to test the validity of the Galindo deed. It was probably supposed by both parties at the time that this could be done in a suit to quiet title in the State Courts, and both seem to have spoken with reference to such a suit, and probably neither contemplated the possibility of such a suit as was brought. They failed to provide for such a contingency; and had it been considered, we cannot know that the contract would have been executed by Bergin.

I do not understand that it is charged that the defendant failed to perform his contract, except by refusing to defend the suit brought in the United States Circuit Court.

The suit in the Circuit Court, although intimately connected with the subject matter of the contract, and having a direct bearing upon the suit brought by Bergin in pursuance of it, was not within the terms of the contract, or contemplated by either of the parties at the time. The contract was not obtained through fraud or mistake, and plaintiff cannot complain if the defendant declines more than a literal compliance with it.

Judgment and order affirmed.

Neither Mr. Justice WALLACE nor Mr. Justice SPRAGUE expressed an opinion.