(29 Misc. Rep. 337.)

### ALLEN et al. v. BAKER.

#### (Supreme Court, Appellate Term.   October 25, 1899.)

ATTORNEY AND CLIENT—ACTION FOR COMPENSATION.
     Where attorneys have been engaged by a vendee of land to examine title for a stipulated sum, their recovery in an action for services will not be limited to such sum, when it appears that they have incidentally rendered additional services for the proper protection of the vendee, with her knowledge, though she was not told that such services would be charged for extra.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Augustus H. Allen and another against Mary A. Baker. Plaintiffs appeal from a judgment in their favor rendered by the municipal court. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William T. Matthies, for appellants.
John Herbert Winans, for respondent.

MacLEAN, J. This is an action on verbal pleadings to recover as for legal services rendered to, and disbursements paid out for,

the defendant at her request. Concededly, the plaintiffs were employed through the defendant's husband to examine the title to premises, to purchase which the defendant had a contract, and for which service the plaintiffs were to be paid $25 and disbursements. Coincidentally with the examination of this title, the plaintiffs, with the knowledge of the defendant, rendered other services respecting a matter of insurance, about a claim as to gas fixtures, and especially in consequence of a suggestion, apparently made through the attorney of the vendor, that the vendor was of unsound mind, so that the contract could not be fulfilled and was void. Apparently the learned justice based his determination upon the theory that these specially mentioned services were within the purview of the original agreement, for in the judgment which he rendered in favor of the plaintiffs he excluded their claim for additional compensation. This was error; for it was testified to that the defendant said to one of the plaintiffs that she wanted him to see that she was properly protected in the transaction, and that services additional to what the express agreement of the parties called for were rendered. Unless contradicted, a promise is to be implied from this that the defendant would pay as much as the labor deserved. The defendant failed to contradict these statements, although she said that she had not been told that the services to be rendered would be charged for extra. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.