## JOHN E. BISHOP et al., Respondents, v. GEORGE B. VAUGHAN, Appellant.

### St. Louis Court of Appeals, January 5, 1915.

1. **ATTORNEY AND CLIENT: Extra Services: Validity of Contract for Additional Compensation.** The contract of an attorney to render professional services for a fixed amount covers all services which are ordinarily or necessarily incident to the proper performance of the duties so undertaken by him, and for such services he can recover no extra compensation; but such a contract does not preclude him from recovering extra compensation for services rendered, with the express or implied consent of the client, which were not contemplated when the contract was made.

2. ——: ——: ——. Where an attorney agreed to prosecute a claim for a retainer and a certain percentage of the recovery, a subsequent agreement between him and his client, whereby he was to be paid an additional amount for attendance at the taking of depositions in a distant State, which work was not contemplated when the original contract was made, was valid.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

*Henry B. Davis, Charles Erd* and *Carlisle Durfee* for appellant.

(1) When a contract is entered into between attorney and client, at the inception of the relationship, and proceedings are instituted, any subsequent contract for additional compensation to the attorney for services with respect to the subject-matter of such proceedings, is against public policy and void. And the courts, in such cases, will not inquire into the reasonableness of the subsequent contract for additional compensation, but on considerations of public policy, without entering into the means used to obtain the additional compensation, or the character of the parties, but merely upon the fact of the relation of attorney and client, will not suffer such contracts to stand. Lacatt v. Sallee, 29 Am. Dec. 249; Thomas v. Turner's Admr., 87 Va. 1; Carlton v. Thurston, D. C., 10 Weekly Law Bulletin 294; Montesquieu v. Sandys, 18 Ves. 312; Newman v. Payne, 3 Ves. Jr. 200; Walmsley v. Booth, 2 Atk. 329; Weeks on Attorneys, Sec. 268 and note; 2 Thornton on Attorneys at Law, p. 767, Par. 440; Waterbury v. City of Laredo, 68 Tex. 565. (2) After the relationship is established, a contract between attorney and client for compensation being void, the attorney can only recover on a *quantum meruit.* See cases cited, supra. (3) Even a contract entered into by an attorney and client, at the inception of the relationship, will be scrutinized by a court, and the burden of proving its reasonableness is on the attorney. See cases cited, supra.

*Harry A. Frank* and *Albert E. Hausman* for respondents.

The fact that an attorney performed services under a contract, wherein the amount of compensation to

be received by him was fixed, does not preclude him from recovering for services which were not contemplated by the contract of employment. 2 Thornton on Attorneys, p. 768, par. 441; 4 Cyc. 988; 3 American & English (2 Ed.), p. 443; Barcus v. Sherwood, 136 Fed. 184; Sanders v. Seelye, 128 Ill. 631; Singer et al. v. Steele, 125 Ill. 426; U. S. Mortgage Co. v. Henderson, 111 Ind. 24; Pike, Admrx., v. Ziegler, 4 Kulp, 441; Allen v. Baker, 60 N. Y. S. 472; Haines et al. v. Wilson, 85 S. C. 338; Isham v. Parker, 3 Wash. 755; Clarke v. Faver, 40 S. W. 1009; Bond et al. v. Sanford, 134 Mo. App. 477.

ALLEN, J.—Plaintiffs, a firm of attorneys at law in the city of St. Louis, were employed by the defendant in 1904 to prosecute a claim of the latter against a construction company for grading done by the defendant in certain railroad construction work. By the contract of employment, defendant agreed to pay plaintiffs $100 as a retainer, and as additional compensation ten per cent of whatever might be realized on said claim. Plaintiffs were paid the said retaining fee, and proceeded to prosecute the claim. During the prosecution thereof it became necessary to take the deposition of a witness who had in the meantime removed from this State and resided at San Francisco, California. It appears that the defendant urged that one of the plaintiffs be present in person at the taking of such deposition, and that an agreement was then entered into between plaintiffs and the defendant, whereby defendant agreed to pay plaintiffs five per cent of the amount which might be realized upon the claim, in addition to the ten per cent thereof originally agreed to be paid plaintiffs, and to pay the expense incident thereto, if one of plaintiffs would personally attend the taking of said deposition. And pursuant to the terms of such agreement, one of the

plaintiffs attended the taking of the deposition, which took him from his office for a period of about ten days.

This action is in *quantum meruit* to recover the reasonable value of all of plaintiffs' services rendered in the premises, including the attendance at the taking of the deposition; the expense incident to the latter having been paid by defendant. The cause was referred to a referee, who found that plaintiffs were entitled to five per cent of the amount recovered upon the claim, in addition to the ten per cent originally agreed to be paid them, and recommended judgment in favor of plaintiffs for fifteen per cent of the said amount recovered. The trial court entered judgment in accordance with the findings and recommendation of the referee, and the defendant appealed.

The question in dispute pertains solely to plaintiff's right to recover the additional five per cent for services rendered in the taking of the deposition at San Francisco. The referee found that the extra time and labor involved therein was not contemplated by either party at the time of the making of the original contract of employment, and was not included within its terms; and that defendant not only agreed to pay the said additional compensation therefor, but insisted that one of the plaintiffs personally attend the taking of the deposition. And on behalf of defendant it was conceded, in argument *ore tenus,* that respondents acted in the utmost good faith throughout the entire transaction, and that the subsequent agreement was made at appellant's solicitation. Appellant's contention, however, is that, regardless of all this, the agreement for extra compensation is void; that the making of such a contract between an attorney and his client, during the progress of litigation, for extra compensation for services rendered with respect to the matter in suit, is against public policy, and such contract necessarily void. And in support of this authorities

are cited, which will doubtless be found in the brief of appellant accompanying the reported opinion herein. But we cannot agree with counsel in this contention.

While it is true that the contract of an attorney to render professional services for a fixed amount covers all services which are ordinarily or necessarily incident to the proper performance of the duties so undertaken by him, and that for such services he can recover no extra compensation (2 Thornton, Attorneys at Law, Sec. 440), the mere fact that an attorney at law performs services under a contract fixing the amount of compensation to be received by him does not preclude him from recovering extra compensation for services rendered, with the express or implied assent of his client, which were not contemplated by the contract of employment. [See 2 Thornton, Attorneys at Law, Sec. 441; 4 Cyc. 988, 989; Barcus v. Sherwood, 136 Fed. Rep. 184; Singer, Nimick & Co. v. Steel, 125 Ills. 426; Clarke v. Faver, 40 S. W. 1009; Allen v. Baker, 60 N. Y. Supp. 472; Isham v. Parker, 3 Washington 755.]

Upon the undisputed facts in evidence, we think that plaintiffs' right to recover the additional compensation which defendant contracted to pay them is quite clear. The mere existence of the original contract of employment and of the relation of attorney and client thereby created did not render the parties incapable of contracting with each other with respect to services not contemplated by the former contract. It would be a strange doctrine indeed that would deny an attorney a recovery for additional services rendered under such circumstances, and permit his client, who had solicited the rendition thereof and solemnly agreed to pay therefor, to breach his said contract with entire impunity after having received the benefit of the services rendered.

The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.