Argued March 31, affirmed April 13, 1915.

# BARCLAY v. OREGON-WASHINGTON R. & N. CO.

(147 Pac. 541.)

**New Trial—Motion—Counter-affidavits—Delay in Filing.**

1. Plaintiff cannot assign error to the striking from the records of his counter-affidavits in opposition to a motion for a new trial, which were filed after the statutory time had elapsed, and which his counsel conceded should not be considered.

**Appeal and Error—Review—Discretion of Court—Granting New Trial.**

2. The granting or denial of a new trial is within the sound discretion of the trial court, and will be reviewed only for manifest error or abuse of discretion.

**New Trial—Motion—Affidavit—Attorney for Corporate Defendant.**

3. Where defendant is a corporation, the attorney who has had entire charge of its case can make the affidavit for new trial.

**New Trial—Grounds—Surprise.**

4. Where plaintiff in an action for personal injuries, on the day of the trial, amended his complaint for the express purpose of bringing the action under Employers' Liability Act April 22, 1908, c. 149,

35 Stat. 65 (U. S. Comp. Stats. 1913, §§ 8657–8665), but also added an allegation that plaintiff's leg was wasting away, and in support of a motion for new trial after a verdict for plaintiff, based largely on the condition of his leg, defendant filed numerous affidavits that such condition was of long standing, the granting of a new trial was not an abuse of the court's discretion.

[As to when new trial may be granted on ground of surprise, see note in 78 Am. Dec. 518.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE BENSON.

This is an action by A. C. Barclay against the Oregon-Washington Railroad & Navigation Company, a corporation, for damages for personal injuries sustained by reason of a collision of two trains of defendant's cars occurring in Malheur County.    Upon the day set for the trial plaintiff filed an amended complaint for the avowed purpose of bringing the action within the terms of the federal act relating to the liability of railroads to their employees.    The amended complaint also contained an additional amendment in the following words: "His right leg is wasting away." The jury returned a verdict for plaintiff, and judgment was duly entered thereon.    Thereafter defendant moved for a new trial, and from an order allowing the same plaintiff appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Thompson & Hardy, Messrs. Davis & Farrell* and *Mr. Wilber Henderson,* with oral arguments by *Mr. Charles A. Hardy* and *Mr. Wilfred E. Farrell.*

For respondent there was a brief over the names of *Mr. Arthur C. Spencer, Mr. William W. Cotton* and *Mr. W. A. Robbins,* with an oral argument by *Mr. Spencer.*

Mr. Justice Benson delivered the opinion of the court.

1. There are but two assignments of error. The first is that the court erred in striking from the records plaintiff's counter-affidavits bearing upon the motion for a new trial. The only comment which we need make upon this is to say that it is admitted that such counter-affidavits were filed after the statutory time in which to file such papers had elapsed, and that upon the hearing of the motion counsel for plaintiff expressly conceded that his counter-affidavits should not be considered.

2. The second assignment is that the court erred in granting the motion for a new trial. It has many times been held by this court that the granting or denying of a motion for a new trial is addressed to the sound discretion of the trial court, and will be reversed only for manifest error or abuse of discretion: *Stern* v. *Volz,* 52 Or. 598 (98 Pac. 148), and cases there cited.

3. The affidavit upon which the motion in this case was based was made by the defendant's attorney, and plaintiff contends that it is necessary that it should be made by the defendant itself. It is true that as a general rule an affidavit for a new trial upon the ground of newly discovered evidence should be made by the party litigant, rather than by his attorney; but in a case like the present one, in which the defendant is a corporation, we adopt the rule as expressed in the case of *Stahlman* v. *United Rys. Co.,* 183 Mo. App. 149 (166 S. W. 314), from which we quote:

"While it is the rule that the applicant for a new trial must personally make an affidavit in support of it, the applicant here being a corporation, the affidavit

75 Or.—36

is properly made by its attorney, who swears that he had the entire charge of this case for the defendant.''

4. The next matter which presents itself for consideration is the question as to whether or not the trial court abused its discretion. The condition of plaintiff's right leg was first mentioned in the amended complaint filed on the day upon which the trial was begun. Counsel for defendant had a right to rely upon the statement of plaintiff's attorney that the only change in the complaint consisted in such allegations as would bring the case within the federal act relating to the liability of employers. The motion was supported by the affidavits of some 15 men, whose statements tended to prove that the condition of plaintiff's leg was congenital, or at least of long standing, and not the result of the alleged injury. It is apparent that the verdict was based very largely upon the condition of the leg, and since the amount of damages was about the only material issue in the case, it cannot be doubted that such evidence would have a powerful influence upon the verdict.

Under these circumstances, we cannot say that the court abused its discretion, and the order setting aside the judgment must be affirmed.    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.