Argued July 10, affirmed July 30, rehearing denied September 10, 1918.

## CATHCART *v.* MARSHFIELD.

(174 Pac. 138.)

**Appeal and Error—Record—Matters Reviewable—Evidence.**

1. Portions of testimony taken at jury trial, not made a part of the bill of exceptions, and no application having been made to incorporate them, cannot be considered on appeal.

**Appeal and Error—Record—Matters Reviewable—Instructions.**

2. Instructions not made part of bill of exceptions, and not incorporated in record by motion, cannot be considered on appeal.

89 Or.—26

New Trial—Grounds for.

3. Since the trial court can grant a new trial on its own motion, it may set aside a verdict and grant a new trial on grounds other than those stated in a motion.

> [As to power of trial court to grant a new trial of its own motion, see note in Ann. Cas. 1914A, 412.]

Appeal and Error—Setting Aside Verdict—Review.

4. Where court granted a motion for new trial without stating reason therefor, error will not be presumed, although specific grounds stated in motion were not good.

From Coos: JOHN S. COKE, Judge.

Department 2.

This is an action to recover damages for the appropriation of certain lots in the City of Marshfield and the destruction of the trees and shrubbery thereon. The real question at the trial was as to the amount of damages which plaintiff sustained. The jury returned a verdict for $570, for which, with costs, judgment was entered against the defendants. Based upon a supporting affidavit, defendants filed a motion to set aside the verdict and for a new trial, for the reasons that the jury had disregarded the instructions of the court; that the court had refused to give certain instructions requested by the defendants and on account of the misconduct of the jury. The court sustained the motion and set aside the verdict, from which ruling the plaintiff appeals. The only question presented is whether or not error was committed in setting aside the verdict and granting a new trial.        AFFIRMED.

For appellant there was a brief over the names of *Mr. John F. Hall* and *Mr. Ben S. Fisher,* with an oral argument by *Mr. Hall.*

For respondent there was a brief over the names of *Mr. Arthur K. Peck, Mr. Cassius R. Peck* and *Mr. J. T. Brand,* with an oral argument by *Mr. Arthur K. Peck.*

JOHNS, J.—1, 2. On April 9, 1917, the transcript on appeal was filed in this court, which consisted only of the complaint, answer, the statement of the fact that the case was tried by a jury which returned the verdict, the entry of the judgment upon the verdict, the motion for a new trial, the supporting affidavit, the ruling of the court sustaining the motion, notice of, and undertaking on, appeal, with the certificate of the county clerk. On August 13, 1917, appellant presented a motion for permission to file as an exhibit in this court the testimony of certain witnesses of the plaintiff and a certified copy of the instructions which were given by the trial court. Concurrent therewith opposing counsel filed objections to the making of such an order. On October 9, 1917, this court made an order allowing the filing of such motion subject to such objections, to be heard at the argument. We do not know how or upon what theory portions of the testimony taken at a jury trial, and the instructions of the lower court, can be filed as exhibits in this court. Neither do we know why, in that form, such testimony or instructions could be considered by this court for any purpose whatever. They are no part of the bill of exceptions and no application was ever made to incorporate them in, or make them a part of, the bill of exceptions. For such reasons they cannot be considered on this appeal.

3, 4. The defendants' motion for a new trial was based:

"Upon the grounds that the jury had disregarded the instructions of the court and based upon a refusal to give certain instructions asked by the defendants, and upon the finding of a scrap of paper in the jury-room by one of the defendants' attorneys, the scrap of paper not being signed by any person whomsoever."

In the case of *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291), this court, in a well-considered opinion, held that:

"Where, on an appeal taken from an order setting aside a judgment and granting a new trial on the ground of the giving of an erroneous instruction, there is no bill of exceptions or contention that the instruction was not improper, its propriety cannot be reviewed.

"By Section 174, L. O. L., providing that former judgments may be set aside and new trials granted 'on the motion of the party aggrieved,' a trial court is not precluded from exercising its inherent power to set aside a verdict of its own motion; and the setting aside of a judgment for a reason not set forth in a motion to set aside is therefore proper.

"Courts of general common-law jurisdiction have inherent power to grant new trials; and the power will not be deemed to have been taken away by statute, unless intent to do so is clear.

"Sections 173–178, L. O. L., authorizing motions for new trial, have reference solely to motions for new trial, and do not restrict the common-law power of courts to correct their own mistakes."

In the case of *Archambeau* v. *Edmunson,* 87 Or. 476 (171 Pac. 186), this court further held that:

"Under Article VII, Section 3, of the Constitution, as amended, declaring that in actions at law where the value in controversy shall exceed $20 the right of trial by jury shall be preserved, and no fact tried by jury shall be otherwise re-examined in any court unless the court can affirmatively say there is no evidence to support the verdict, the trial court has authority on its own motion to grant a new trial on account of errors in instructions submitting the cause to the jury, even though no exception was taken."

It appears from the journal entry setting aside the verdict by the lower court that:

"It is ordered that the judgment heretofore entered herein on the ninth day of January, 1917, be and the same is hereby set aside and held for naught and a new trial is granted herein."

After the motion with the supporting affidavit was filed the court had authority to set aside the verdict both as a statutory and an inherent common-law right.

No specific reason is assigned and we are not advised as to why the verdict was set aside. Error will not be presumed and it does not affirmatively appear that there was any error in such ruling by the trial court. The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BEAN and HARRIS, JJ., concur.