Argued January 29, affirmed March 4, 1919.

# DUNIWAY *v.* HADLEY.

## (178 Pac. 942.)

### New Trial—Grounds—Errors at Trial.

1. Where jury was not instructed in regard thereto and did not find for plaintiff what defendant admitted was due to plaintiff and tendered into court and plaintiff's counsel objected to receiving verdict, court was justified in granting a new trial; it being duty of court, under Sections 174, 548, L. O. L., to grant new trial for reversible error committed on trial.

### Attorney and Client—Reasonable Value of Service—Instructions.

2. In action for reasonable value of services performed by plaintiff as a lawyer for defendant between certain dates, *held*, that court should have instructed in substance as requested by plaintiff with reference to recovery for reasonable value of services and with reference to whether services sued for were within terms of written contract pleaded by defendant.

### Attorney and Client—Agreement for Compensation—Statute.

3. Under Section 561, L. O. L., the measure and mode of compensation of an attorney is left to the agreement expressed or implied of the parties, and an attorney is bound by his contract as any other person.

### Attorney and Client—Agreement for Compensation—Construction.

4. The construction of special contracts between attorneys and their clients as to compensation is governed by the usual rules relating to construction of agreements generally, regard always being had to the character of the relation between the parties.

### Attorney and Client—Additional Compensation.

5. Where an attorney renders services clearly not contemplated as probable or necessary at the time of making an agreement but made necessary by subsequent and unusual developments in the

progress of the cause, he is entitled to additional compensation on the ground that the original agreement did not cover the services performed.

[As to what is a reasonable attorney's fee in the absence of contract, see note in Ann. Cas. 1916B, 263.]

From Multnomah: GILBERT W. PHELPS, Judge.

Department 2.

This is an action to recover the reasonable value of services performed by plaintiff as a lawyer for defendant from September 18, 1912, to March 9, 1916. The defendant answered denying the material allegations of the complaint, and for a further and separate answer pleaded that on May 20, 1912, plaintiff and defendant entered into a written contract, that the services were performed under the written contract and that defendant owed plaintiff $500, which he tendered in court, and setting forth the contract, the substance is as follows:

That C. E. Hadley has employed Ralph R. Duniway as one of his attorneys in the case in the Circuit Court of the State of Oregon for Tillamook County of *Otelia Hadley, Plaintiff,* v. *C. E. Hadley, D. J. Hadley, Maud Sharp and C. W. Talmage, Administrator of the Estate of C. B. Hadley, Deceased, Defendants,* and he agrees to pay said Ralph R. Duniway for his services as said attorney $600 whether the case is won or lost. If said C. E. Hadley settles said suit before said Ralph R. Duniway has to leave for Tillamook for the trial of the case, then is to pay said Ralph R. Duniway $750 for his services. And in case the case is tried in the Circuit Court of Tillamook County and such case is won and ended in that court, he is to pay said Ralph R. Duniway $1,000 for his services. In case said case goes to the Supreme Court of the State of Oregon and is won, he is to pay said attorney $1,150

for his services. Plaintiff replied admitting the execution of the written contract and denying that the services sued for were performed under the same, and affirmatively alleged that plaintiff performed services for defendant under the contract and that about September 9, 1912, the defendant settled the case in the Circuit Court of the State of Oregon for Tillamook County with *Otelia Hadley, Plaintiff,* v. *C. E. Hadley, D. J. Hadley, Maud Sharp and C. W. Talmage, Administrator of the Estate of C. B. Hadley,. Deceased,* by paying her $7,000, and the settlement was made of the suit before Ralph R. Duniway had to leave for Tillamook for the trial of the case, and there became due under the contract to plaintiff $750 for his services; and on September 16, 1912, defendant settled and paid the plaintiff in full to date for all services performed for defendant, being a balance of $652.75, and that the contract was terminated.

That the services sued for were rendered at the special instance and request of the defendant after the contract had been fully performed and terminated and defendant had paid plaintiff in full, and that the services sued for were not performed under the terms of the agreement.

The cause was tried to the court and a jury and a verdict rendered in favor of defendant. Upon a motion by plaintiff for a new trial, the trial court granted the same and defendant appealed and assigns the granting of the new trial as error.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. James P. Stapleton* and *Mr. F. J. Lonergan.*

For respondent there was a brief and an oral argument by *Mr. Martin L. Pipes.*

BEAN, J.—1. Upon the trial of the cause the court submitted to the jury two forms of verdict, one in favor of the plaintiff in a blank sum and one in favor of the defendant. The jury did not find for plaintiff what the defendant admitted was due to the plaintiff and tendered into court, and the court failed to instruct the jury in regard thereto. Counsel for plaintiff objected to the court receiving the verdict and this is one of the reasons for granting a new trial.

If there was reversible error committed on the trial against the plaintiff, it was the duty of the Circuit Court to grant the new trial, thereby avoiding the necessity of and expense that would be incurred by an appeal: Sections 174, 548, L. O. L.; *Wakefield* v. *Supple,* 82 Or. 595, 602 (160 Pac. 376); *Smith* v. *Campbell,* 85 Or. 420 (166 Pac. 546, 549); *Webb* v. *Isensee,* 85 Or. 148 (166 Pac. 544); *Barclay* v. *Oregon-Washington R. & N. Co.,* 75 Or. 559 (147 Pac. 541); *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291). In *Archambeau* v. *Edmunson,* 87 Or. 476, on page 487, (171 Pac. 186, 189), Mr. Justice Moore, speaking for this court, after referring to the previous cases said:

"The rule thus established ought in our opinion to be enlarged so that, when by reason of some misapplication of the principles of law to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, if the court is satisfied that a party has not had his cause properly presented, justice which should be dispensed in all cases sanctions the setting aside of a judgment rendered upon a verdict and the granting of a new trial, when such action of the lower court does not violate Article VII, Section 3, of the Constitution of Oregon respecting the *quantum* of evidence."

See, also, *Cathcart* v. *City of Marshfield,* 89 Or. 401 (174 Pac. 138).

According to the above authorities, we think the learned trial judge was right in granting the motion for a new trial for the reason already mentioned alone. Only one form of verdict was necessary to be submitted to the jury.

2. There is another question urged upon our attention which in view of a new trial perhaps should be carefully noticed. The plaintiff submits that there was error in the trial court's refusing to charge the jury as requested by plaintiff at the close of the case as follows:

"If you believe from a preponderance of all the evidence that plaintiff at the special instance and request of the defendant, performed services as a lawyer and attorney at law for defendant from September 18, 1912, to March 9, 1916, then the plaintiff would be entitled to recover of and from the defendant the reasonable value of said services, and you should find a verdict for the plaintiff and against the defendant for such sum as you believe from a preponderance of all the evidence would be and is the reasonable value of the services so rendered."

Plaintiff also requested that the court instruct the jury to the effect that from the undisputed evidence the contract of employment set up in the answer was terminated and ended when the defendant settled the suit of *Otelia Hadley* v. *C. E. Hadley et al.,* before Ralph R. Duniway had to leave for Tillamook for the trial of the case and his paying plaintiff $750 for his services, and the services sued for in this suit are for later and different services from those provided for in the contract and were not within the contemplation of the parties when the contract was made. It appears to us that it was the intention of the trial court

to charge the jury in substance as requested by plaintiff. After referring to the suit of *Hadley* v. *Hadley,* the court charged the jury that under the construction placed upon the contract by the court, it did not require plaintiff to carry on and conduct litigation growing out of the collateral matter; that it was right for the defendant to settle the suit in Tillamook County, but the defendant did not have the right under the contract to enter into a settlement of the suit and then when the opposite parties failed or refused to carry out such settlement to demand that the plaintiff should in the performance of the terms of the contract conduct the litigation and perform the services necessary and desired by defendant in the attempt to have such settlement or attempted settlement become effective; that the defendant had the right to abandon the attempted settlement and to require plaintiff to proceed under the contract and perform the services required in the suit, but that he did not do this and therefore could not limit the compensation to be paid to his attorney to the terms of contract for services performed outside of the contract. The court further charged the jury as follows:

"For these reasons you are instructed that for such services, if any, as the plaintiff performed for defendant at his request or with his knowledge and consent subsequent to said settlement agreement so made by the defendant with the other parties, he is entitled to have and recover such sum as you find from the evidence to be the reasonable value of such services."

We think under the facts in this case for the better understanding of the jury and in order to make the charge plain, the court should have instructed in substance as requested by plaintiff. While the court stated to the jury what the plaintiff was entitled to

recover, there appears to be no direction to them to so find by their verdict.

In order for a proper setting of the case, it will be necessary to make an additional statement. After the defendant C. E. Hadley had agreed upon a settlement with his stepmother Otelia Hadley and with his brothers and sisters and the consideration therefor had passed, and the necessary documents had been executed and delivered, Mr. Oak Nolan, the attorney for plaintiff Otelia Hadley in that suit, filed in the Circuit Court for Tillamook County a petition and gave the parties defendant and their attorneys a notice claiming that the plaintiff Otelia Hadley promised and agreed to pay Oak Nolan the sum of $25,000 as compensation as attorney in the suit or such reasonable fee as might be allowed by the court. Nolan in his petition alleged that the settlement of the suit was made by Otelia Hadley with the defendants C. E. Hadley, D. J. Hadley and Maud Sharp pursuant to a conspiracy to cheat and defraud petitioner Oak Nolan out of his attorney's fee, and to defraud the attorney for the administrator of the estate of C. B. Hadley, deceased, out of any fee in the estate and alleging that

"In pursuance of the said fraudulent collusion and conspiracy, the said parties made some settlement out of court of all the matters and things which are involved in this suit, except for the said attorney's fee and the fees of the said administrator and the fees due the attorney for the said estate."

After the attempted settlement, the matter was heard in the Circuit Court and was twice appealed to this court: See *Hadley* v. *Hadley,* 73 Or. 179 (144 Pac. 80), and the same case, 79 Or. 573 (155 Pac. 195). Under the law of this state the measure and mode of compensation of an attorney is left to the agreement, ex-

pressed or implied, of the parties: Section 561, L. O. L.; *Hansel* v. *Norblad*, 78 Or 38, 48 (151 Pac. 962).

An attorney is bound by his contracts exactly as any other person. The construction of special contracts between attorneys and their clients as to compensation is governed by the usual rules relating to the construction of agreements generally, regard always being had to the character of the relation between the parties: 6 C. J., § 314, p. 738.

5. Where an attorney renders services clearly not contemplated as probable or necessary at the time of making the agreement, but made necessary by subsequent and unusual developments in the progress of the cause, he is entitled to additional compensation on the ground that the original agreement did not cover the services performed: 6 C. J. 739, § 315; Thornton on Attorneys at Law, § 441; 2 R. C. L., § 120, p. 1038; *Murray* v. *Trumbull*, 62 Wash. 336 (113 Pac. 769); *Mahoney* v. *Bergin*, 41 Cal. 423; *Bishop* v. *Vaughan*, 186 Mo. App. 479, 483 (172 S. W. 644). The controversy in regard to the settlement of the suit of *Otelia Hadley* v. *C. E. Hadley et al.*, was not alleged to be and was not in any way on account of any fault of attorney Duniway. Nolan claimed the right to continue the suit in the name of Otelia Hadley, plaintiff, for his own benefit, in order to establish a lien of $25,000 upon all the property involved including that of C. E. Hadley. Answers to the petition and affidavits were filed and issues made which could not have been within the contemplation of Duniway and Hadley when they made the agreement in regard to attorneys' fees in the original suit of *Otelia Hadley* v. *C. E. Hadley et al.* This unexpected and unusual controversy developed subsequently to the making of the agreement. The contract did not cover the services per-

formed by the attorney in relation to the proceedings set in motion and continued by the Nolan petition. The plaintiff was entitled to additional reasonable compensation for such services. Hadley and Duniway by their agreement stipulated for the amount of compensation to be paid in the event the suit was settled. Hadley, as he had a right to do, settled the suit and bought his peace. He stood by the settlement and the same was upheld by the court. Under the testimony in the case, it was the duty of the trial court as a matter of law to construe the documentary evidence and charge the jury as to whether or not the services sued for were within the terms of the written contract pleaded by the defendant, and whether such services were within the contemplation of the parties to the contract when the same was made: 2 Thornton on Attorneys at Law, § 441; 11 Ency. Pl. & Pr. 78; *Williamson* v. *Lumber Co.,* 38 Or. 560, 565 (63 Pac. 16, 64 Pac. 854); *Christenson* v. *Nelson,* 38 Or. 473, 479 (63 Pac. 648); *State* v. *Moy Looke,* 7 Or. 54; *Long Creek Building Assn.* v. *State Ins. Co.,* 29 Or. 569, 576 (46 Pac. 366); *Goddard* v. *Foster,* 84 U. S. (17 Wall.) 123 (21 L. Ed. 589).

The cause should again be submitted to a jury. There was no error committed by the trial court in granting the motion for a new trial, therefore, the judgment of the lower court is affirmed.

AFFIRMED.

McBRIDE, C. J., and JOHNS, J., concur.

BENNETT, J., concurs in the result.