Argued June 4, affirmed July 22, costs taxed September 9, costs retaxed September 16, 1924.

## SOUTHERN OREGON CO. *v.* W. W. KIGHT AND ROBERT TRAIN.

(228 Pac. 132; 228 Pac. 832.)

**Pleading—Admission in Separate Defense Held Binding on Defendants Notwithstanding Qualified Denial, and Dispenses With Proof.**

1. As between qualified denial of allegation of complaint in defendants' answer and direct admission thereof in separate answer or special defense, admission must be taken as true and binds defendants precluding necessity of proof.

**New Trial—Where Facts were Admitted in Defendants' Answer, Verdict for Defendants Held Properly Set Aside.**

2. Where facts admitted in defendants' answer were submitted to jury, it was proper for court, either on its own motion or on plaintiff's motion, to grant new trial and set aside verdict for defendant supported by practically no evidence.

---

2. Right of court to grant new trial on its own motion, or on grounds other than those urged by the moving party, see notes in 14 Ann. Cas. 65; Ann. Cas. 1914A, 412; 40 L. R. A. (N. S.) 291.

See 15 C. J., § 667; 22 C. J., § 505; 29 Cyc., p. 832; 31 Cyc., pp. 87, 676; 38 Cyc., pp. 1166, 1516, 1626.

**Trespass—That County Surveyor's Line Varied from True Line Held not to Preclude Recovery.**

3.   That line run by county surveyor varied from true or government line *held* not to preclude recovery of treble damages, under Section 346, Or. L., for timber cut and removed from plaintiff's land.

**Trial—Duty of Court to Construe Pleadings and Explain Issues to Jury.**

4.   Where evidence is conflicting, weight thereof is for jury, but it is court's duty to construe pleadings and explain issues to jury.

**Evidence—Rule That Admissions of Party are Evidentiary Only Held not Applicable to Pleading.**

5.   Rule that admissions of party are evidentiary only, and should be passed on by jury like other evidence, applies only to testimony and not to admissions in pleading.

ON MOTION TO RETAX COSTS.

**Costs—Printing Blue-print in Brief Allowed for at Rate Specified for Briefs by Rule of Court.**

6.   Cost of printing blue-print in brief will be taxed in accordance with Rule 29, allowing prevailing party $1.25 a page for printing brief, unless for special reasons, apparent in record, it be otherwise ordered.

From Coos: JOHN S. COKE, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the names of *Messrs. Goss, Kendall & Murphy* and *Mr. S. D. Pulford,* with an oral argument by *Mr. John D. Goss.*

For respondent there was a brief and oral arguments by *Mr. John G. Mullen* and *Mr. A. J. Sherwood.*

BEAN, J.—This is an action to recover treble damages for the alleged cutting of timber by defendants on the lands of plaintiff.   After the testimony in the case was closed and the jury instructed, the court on its own motion submitted to the jury this question, "Did defendants trespass upon plaintiff's land?"   The jury answered this question in the negative and brought in a general verdict for defendants.   Plain-

tiff filed its motion for a new trial which was granted by the court, using the following language:

"That the third amended answer admits, in effect, that a trespass was committed upon plaintiff's land as alleged in complaint; that the fact that such trespass was committed is shown and established by the evidence adduced at the trial of said cause and that a palpable and gross failure of justice under the law will be effected unless said verdict and the judgment thereon are vacated and set aside."

Defendant appeals. The plaintiff contends that the verdict was contrary to all the evidence of both plaintiff and defendants, and contrary to the admissions of defendants in their answer and in their testimony.

Preceding a reference to the evidence in the case, it is necessary to notice the issues raised by the pleadings. After the appropriate allegations of the corporate character of the plaintiff and the partnership of the defendants, it is alleged in the complaint that plaintiff at the time mentioned, was the owner of the following described lands: North half (N.½) of the northwest quarter (NW.¼) of section eleven (11) and the southeast quarter (SE.¼) of the southeast quarter (SE.¼) of section three, all in township twenty-seven (27) south, range fourteen (14) west of the Willamette meridian in Coos County, Oregon, in fee simple.

That between the first day of April, 1918, and the twelfth day of November that year, the defendants, without the plaintiff's permission and without authority, willfully and intentionally cut, destroyed and removed from plaintiff's land, timber of the reasonable value of $2,981.63 and by reason thereof plaintiff became and is entitled to recover treble damages from the defendants to wit, $8,944.89.

Defendants in their answer, after admitting the partnership of defendants, "Deny each and every allegation in said complaint not herein admitted, qualified or specifically denied." For a further answer defendants allege in substance that in May, 1918, the defendants entered into a contract with the owners of the lands adjoining, and immediately north of part, and east of part of the lands described in the complaint,

"Whereby the defendants were granted the right to cut and remove timber from said lands and thereafter entered upon said lands pursuant to said contract and engaged in cutting and removing rived aeroplane lumber therefrom.

"That if any trespass whatever was committed upon any lands belonging to the plaintiff herein and if any timber was cut, at all, or removed by defendants from the lands described in the complaint, the same was done casually and involuntarily if at all, by the employees of the defendants, and in the honest belief on the part of the defendants that said timber belonged to the parties from whom defendants had purchased the timber upon said adjoining lands and that defendants had a perfect right and authority to cut and remove the same and the defendants had at all times good and reasonable cause to believe that they had the right to cut and remove said timber.

"That a large portion of the timber felled by the defendants was not removed from said lands, but remains thereon and is the property of and in the possession of the plaintiff: That said land was valuable only for the timber thereon and the timber cut and left there by the defendants is more valuable than it was when standing, and that the plaintiff has suffered no damages by reason of the cutting thereof."

That if any timber was cut or removed from the lands described, the same did not exceed 72,000 feet,

nor is the value of the stumpage of said timber in excess of $515.

The last paragraph of the answer quoted above admits, in effect, that timber was felled upon plaintiff's lands and a trespass committed thereon, as alleged in the complaint. The whole trend of the answer of defendants is to show that the timber on the plaintiff's land was not willfully or intentionally cut or removed from said lands, in order to avoid the payment of treble damages under the statute, and to minimize the amount and value thereof. The statement in the answer "that a large portion of the timber felled by defendants was not removed from said lands, but remains thereon and is the property and in the possession of the plaintiff" is susceptible of no other construction.

Section 346, Or. L., provides in part:

"Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, * * without lawful authority, in an action, * * if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed therefor, as the case may be; provided, that in any such action, upon plaintiff's proof of his ownership of the premises and the commission by the defendant of any of the aforesaid mentioned acts, it shall be *prima facie* evidence that such acts were done and committed by defendant willfully, intentionally and without plaintiff's consent."

Section 347, Or. L., is in part as follows:

"If, upon the trial of such action, it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done * * judgment shall only be given for single damages."

The following map shows t e location of the differ-
ent tracts of land involved:

Sections 2, 3, 10 and 11
Twp. 27, S., R. 14 W. W.M.
Coos County Oregon,   Scale 2 inches = 1 mile

Southern
Oregon Co.    Southern
B.L. Co        Oregon
3              Co.
Southern                    Scheffer Tract
Oregon                      2
Co.
B. L. Co.      Southern
10             11
Oregon
Company

4/12/22
D. H. Buckingham

Heavy LINE INDICATES LINE IN DISPUTE

The testimony, on the part of the defendants, as we construe it, is substantially to the same effect as the answer of defendants as to the admissions. Robert Train, one of the defendants, testified in answer to the question, on cross-examination:

"Q. Did you cut timber on the N.½ of the northwest quarter of section 11?

"A. I guess we did, yes, sir. * *

"Q. How many trees did you and Kight cut?

"A. Twenty-seven trees.

"Juryman: Were these trees on section 11?.

"A. According to the McCulloch survey. * *

"Q. Let us get the number of trees right, how many trees altogether, according to the claims of plaintiff, or claimed to be their line, which you understand were cut over this line by Kight and Train?

"A. They claim more than that.

"Q. How many do you claim?

"A. I claim there is 27 cedar trees and 8 spruce trees.

"Q. Altogether on both pieces?

"A. Yes, sir, altogether on both pieces. * *

"Q. Now this alleged trespass was committed, these trees that have all been testified to having been cut, were cut by whom?

"A. By the Lewis Brothers.

"Q. Did anybody else cut them?

"A. They were all cut by the Lewis brothers except two. These two we cut west. * *

"Q. How many were cut on the SE. quarter of 3?

"A. Four.

"Q. Eight altogether?

"A. Yes, eight altogether."

C. W. Upton, a scaler, a witness for plaintiff testified in effect that he made a scale of the timber alleged to have been cut on sections 11 and 3 and gave the total estimate as 253,718 feet. Mr. Kight, one of defendants, stated on his cross-examination in answer to a question, as follows:

"Q. You are interested in keeping this judgment down as low as possible?

"A. That is what I am here for."

Evidently the court, after mature deliberation, decided that the submission to the jury of the question as to whether or not the defendants trespassed on plaintiff's land was an error; that the same was one of the causes which prevented the plaintiff from having a fair trial and that the court should have instructed the jurors as to what the issues raised by the pleadings were.

It is shown by the evidence of Charles McCulloch, county surveyor of Coos County, who was a witness for plaintiff, that he found the true corner stake at the northeast corner of said section 11 and ran a line west to the northwest corner of that section, but did not find the government corner or stake at the latter corner of the section, but that he established the corner. Afterwards the true northwest corner of this section was found by D. L. Buckingham, a civil engineer, accompanied by S. B. Cathcart, showing that the northwest corner established by McCulloch was 19 feet east and 16.4 north of the true corner. The difference in the location of the McCulloch line and the true north line of section 11, as indicated by the testimony, would only involve two trees which were claimed to be cut on plaintiff's land which were between the McCulloch line and a line drawn from the northeast corner of section 11 to the true northwest corner of that section. The testimony tends to show that the defendants cut aeroplane timber some six or eight hundred feet south of either of the two lines mentioned; that is, over the line on plaintiff's land.

1, 2. As between the qualified denial of the fact alleged in the complaint and the direct admission of the fact of cutting timber on plaintiff's land in the further and separate answer or special defense, the admission will be taken as true, notwithstanding the qualified denial: *Veasey* v. *Humphreys,* 27 Or. 515, 520 (41 Pac. 8). Such an admission is binding upon defendants and precludes the necessity of proof of the admitted fact: *Baines* v. *Coos Bay Nav. Co.,* 41 Or. 135, 138 (68 Pac. 397). It was therefore unnecessary for the court to submit the question contained in the special verdict, as the title to the land of plaintiff was admitted, and defendants did not claim to have had any authority from plaintiff to cut such timber. There was practically no evidence to support the verdict rendered by the jury and set aside by the court. It was proper for the court, either upon its own motion, or on motion of plaintiff under the circumstances of the case, to correct the error and grant a new trial.

3. There seems to have been considerable contention upon the trial of the case as to whether the McCulloch line on the north of section 11 was the true line. It appears that the U. S. Spruce Production Division at one time ran the north line of the NW.¼ of section 11, as estimated 100 or 200 feet south of the McCulloch line.

The main question for the jury to determine, under the issue, was how much timber did the defendants cut upon the NW.¼ of the said section 11 or the SE.¼ of the SE.¼ of section 3. The McCulloch line might be a few feet or several feet north of the true line and still the jury could have found that a large quantity of timber had been cut on the land of plaintiff. In other words, whether the McCulloch line was

the true line was not the only question in the case. The fact that the line in question was run by the county surveyor in a timbered section of the county, as varying a few feet from the true or old government line, would not preclude plaintiff from recovering, if it was shown that defendants cut and removed timber from plaintiff's land.   R. G. Lewis, one of the brothers who cut the timber for defendants, testified as a witness for plaintiff that they cut some twenty trees south of the line run by the U. S. Spruce Production Division.

The counsel for defendants invoked the rule stated in 3 C. J. 743, thus:

"A motion for a new trial cannot be employed as a means of bringing up for review any matter to which objection was not made at the time of its occurrence."

The exception to the rule above quoted from 3 C. J. is stated in the same volume of that work at page 744, Section 637 (2) as follows:

"Limitations of and Exceptions to Rule.   An exception to the general rule that an appellate court will not consider objections first raised on appeal exists in case of errors which are apparent on the face of the record, and which are either fundamental in their character or determine a question on which the case depends, so that the objection, if made, could not have been obviated.   Such errors may be considered by the court, although not objected to below. Nor will a failure to object in the court below preclude a review on appeal where there was no reasonable opportunity to object. * * "

In *DeVall* v. *DeVall*, 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291, note), at p. 496 of 60 Or., in an opinion by Chief Justice EAKIN, where the only question in the case was as to the power of the court to set aside a judg-

ment and grant a new trial, either on its own motion or upon a ground of error not assigned in the motion, we read thus:

"Although there seems to be some conflict of opinion upon this question, the great weight of authority sustains the view that courts of general jurisdiction have inherent power to correct judicial errors for the purpose of promoting impartial administration of justice, and the right of a court to grant a new trial on its own motion is generally recognized" (citing and discussing many authorities).

In *Archambeau* v. *Edmunson,* 87 Or. 476 (171 Pac. 187), an opinion by Mr. Justice MOORE, after referring to the amendment of Article VII, Section 3 of the Constitution in 1910, at page 486 et seq. of the report, we find the following:

"Since that amendment became operative it has been held that the granting of a new trial was not a matter of discretion; that an order for the rehearing of a cause could not be sanctioned except when the court had committed some error, which if properly excepted to or seasonably called to the attention of the court and the motion denied, would have been sufficient cause for a reversal of the judgment if it had been brought up for review; and that under such circumstances the trial court upon motion or *sua sponte* possessed adequate power and was authorized within the prescribed time, to correct the error which it had committed by granting a new trial: * *

"The rule thus established ought in our opinion to be enlarged so that, when by reason of some misapplication of the principles of law to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, if the court is satisfied that a party has not had his cause properly presented, justice which should be dispensed in all cases sanctions the setting aside of a judgment rendered upon a verdict and the granting of a new trial, when such action of the lower court does not

violate Article VII, Section 3, of the Constitution of Oregon respecting the *quantum* of evidence.''

The rule announced in the Archambeau case was followed in the case of *Cathcart* v. *Marshfield*, 89 Or. 401 (174 Pac. 138), and in *Duniway* v. *Hadley*, 91 Or. 343, 346 (178 Pac. 942), which was a case where the jury failed to find in accordance with the admission of defendants and the court failed to instruct the jury in regard thereto. In the case of *Bottig* v. *Polsky*, 101 Or. 530 (201 Pac. 188), the same rule was adhered to. Mr. Justice HARRIS, stating that it ''may now be regarded as the settled law of this jurisdiction.'' In *Spokane County* v. *Pacific Bridge Co.*, 106 Or. 550, at page 553 (213 Pac. 151), the opinion of Mr. Justice McCOURT reads that:

''The authority of a trial court to set aside a verdict and judgment and grant a new trial is not restricted to the cases indicated in the foregoing statement of plaintiff's contention, but extends to cases where, by reason of some misapplication of the principles of law, to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, the court is satisfied that a party has not had his cause properly presented.''

The court had inherent power to set aside the judgment and, as we view the case, also statutory authority for the reason that there was no substantial evidence to support the verdict.

It is unnecessary to refer to the other issues in the case, such as the amount of timber cut on plaintiff's land by defendants, except to notice that the testimony does not indicate it was a mere nominal quantity, or to notice value thereof, or whether it was willfully cut.

4. The question of the weight of the evidence, when there is a conflict therein, is of course for the jury,

but it is the duty of the court to construe the pleadings and explain the issues to the jury.

5. Counsel for defendants rely upon the rule that admissions of a party are evidentiary only and should be passed upon by the jury like other evidence, citing *Kabat v. Moore,* 48 Or. 191 (85 Pac. 506). As shown by the opinion in that case the rule referred to applies to the testimony. It does not follow that the same rule applies to the admission of a party in the pleading. We have referred to the testimony in a general way for the purpose only of indicating the materiality of the admission in the answer.

The court in its discretion properly granted a new trial. The judgment is affirmed.      AFFIRMED.

BURNETT, McCOURT and BROWN, JJ., concur.

---

Costs retaxed September 16, 1924.

ON MOTION TO RETAX COSTS.

(228 Pac. 832.)

For the motion, *Messrs. Goss, Kendall & Murphy* and *Mr. S. D. Pulford.*

*Contra, Mr. A. J. Sherwood* and *Mr. John G. Mullen.*

BEAN, J.—The plaintiff and respondent, being the prevailing party upon this appeal, filed a cost bill. The defendants and appellants request that the costs be retaxed, and filed objections to a portion of the item of the cost bill, which is as follows:

"Printing Respondent's Brief & blue-prints $8.50—38 pages—$56.00."

The objection is "That the item 'Blue-prints $8.50' is not taxable as a matter of law." It appears that both plaintiff and defendant inserted in their briefs, as a part thereof, a blue-print of a map showing the location of lines of the land involved in the controversy. The allowance of cost for printing of abstract or brief is covered by Rule 29. The prevailing party is entitled to the actual cost of printing his abstract or brief, not exceeding $1.25 a page including cover "unless for special reasons apparent in the record it shall be otherwise ordered."

6. The respondent's claim is for 38 pages of printed brief besides the blue-prints. The blue-print of the map of respondent consists of two pages. The cost of printing the same will be taxed in accordance with Rule 29. Therefore, there is allowed for printing such map in respondent's brief $2.50, and $6.00 of the item of $8.50 is rejected and disallowed.

COSTS RETAXED.